BUTLER *v.* ARKANSAS POWER & LIGHT COMPANY.

4-2779

Opinion delivered December 12, 1932.

*Caviness & George, Sam T. & Tom Poe* and *Donald Poe,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough* and *Elmer Schoggen,* for appellee.

SMITH, J. This suit was brought by Mamie Butler to recover damages to compensate an injury alleged to have been sustained by her while she was a passenger on one of appellee's street cars in the city of Little Rock. Two grounds of negligence were alleged. The first was that, as the plaintiff was about to alight from the street car on which she had been a passenger, the motorman started the car prematurely, after having stopped it. But, as the plaintiff herself testified that she fell before the car was put in motion, this allegation of negligence passed out of the case.

The second ground of negligence alleged was that the motorman caused the step from which plaintiff alighted to fold up prematurely, and thus to trip her as she was alighting from the step, throwing her violently to the ground.

The defendant denied all the allegations of the complaint. The husband of the passenger was made a party plaintiff also.

The testimony on the part of plaintiffs as to the negligence was to the following effect: The street car stopped to permit two passengers, both colored women, to leave the car by the rear door. The car was stopped by the motorman applying air to the brake after he had cut off the electric current to the motor. The rear door was then opened and the rear step let down, by the motorman turning a small lever which automatically controlled the door. After the rear door was opened and the rear step unfolded downward, one of the colored women alighted

without mishap. As the other passenger, the plaintiff Mamie Butler, stepped down on the car step with her left foot, she held to an upright rod at the side of the door; then, turning the rod loose, she placed her right foot upon the pavement, and, before she had time to remove her left foot from the rear step, it started folding up.

It appears, from the facts stated, that the instant case is very similar to the cases of *Little Rock Traction & Electric Co.* v. *Kimbro,* 75 Ark. 211, 87 S. W. 644, and *Oliver* v. *Fort Smith Light & Traction Co.,* 89 Ark. 222, 116 S. W. 204. The legal principles applicable to the instant case and controlling here were announced in those cases, and the instructions given in the instant case correspond to those principles as to the duty of the carrier to its passengers.

There was a verdict for the defendant, and the only error assigned for the reversal of this judgment is in the instructions given to the jury.

We have said that the instructions given upon the care due the passenger by the carrier were correct, but there was given, at the request of the defendant and over the objection of the plaintiff, an instruction numbered 12, which we think was erroneous and prejudicial. It reads as follows: ''You are instructed that in no event would the defendant be liable to the plaintiff because of any condition with which the plaintiff, Mamie Butler, may be suffering, if any, unless you further find from preponderance of the evidence that such condition was caused as a direct and proximate result of the accident alleged and on account of the negligence of the operator without the aid of any intervening cause.''

In 45 C. J., page 926, chapter Negligence, § 489, discussing intervening efficient causes, it is said: ''It is well-settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. In other words, an intervening cause will not relieve from liability where the prior negligence was the

efficient cause of the injury. The test is not to be found in the number of intervening events or agencies, but in their character and in the natural connection between the wrong done and the injurious consequences, and, if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable, notwithstanding the intervening act or event." The case of *Helena Gas Co.* v. *Rogers,* 104 Ark. 59, 147 S. W. 473, is cited in the note to the text quoted.

The law of the subject is well-settled. It was said, in the case of *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576, 113 S. W. 647, 18 L. R. A. (N. S.) 905, that "it is a well-settled general rule that if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote. The difficulty arises in each case in applying the principle to a given state of facts."

Instruction numbered 12, set out above, does not thus declare the law. Its purport appears to be that the defendant would not be liable, even though it were negligent, unless this negligence was the sole cause of the injury, to which no other cause contributed or intervened. As said in the Horton case, *supra,* the author of the original negligent act is responsible for its consequences, unless thereafter a new cause has intervened, of itself sufficient to stand as the cause of the injury, in which event the original negligence would be too remote to be charged as the proximate cause. The instruction does not conform to this view of the law, and it was therefore erroneous.

It may be doubted whether there was sufficient testimony to warrant the submission of this question to the jury. The question of liability appears to turn upon the question whether the fall of the passenger was due to her own carelessness or to some unavoidable accident, on the one hand, or whether, on the other hand, the motor-

man caused the step to be prematurely folded up. In the latter case there would be liability; in the other there would not.

There was testimony tending to show that the passenger's condition had been made worse by her conduct and confinement since her fall. Such testimony might have some relevancy on the question of the measure of damages, but it could not affect the question of the negligence of the carrier. The negligence of the carrier either caused the passenger to fall, or it did not cause her to fall, and the question of its negligence in this respect cannot be determined by a consideration of the subsequent conduct of the injured party.

No other error appears, but for the error in giving the instruction numbered 12 the judgment must be reversed, and it is so ordered.