BAUTTS *v.* SHACKLEFORD MOTOR COMPANY.

4-8925                                                      221 S. W. 2d 794

Opinion delivered July 4, 1949.

664

P. A. *Deisch* and *Dinning & Dinning,* for appellant.

A. M. *Coates,* for appellee.

ED. F. McFADDIN, Justice. Appellant, by action of replevin, sought to recover a Ford automobile from appellee. The Circuit Court trial resulted in a jury verdict; and judgment for appellee, and appellant now urges two assignments for reversal.

I. *Sufficiency of the Evidence.* Will Benson, a negro sharecropper on appellant's farm, owned an old model Dodge car on which appellant held a bill of sale as security. Benson desired to trade the old car for a new model Ford owned by appellee. A trade was made whereby appellant surrendered her claim on the old car and issued a check to appellee for $700. The testimony is in agreement as to these facts; but a sharply disputed question of fact is presented as to the remaining terms, if any, of the trade.

Appellant testified that the $700 check and the old car were to be in full payment for the new Ford, and that appellee therefore had no claim on the Ford, to which appellant claimed title. Appellee's witnesses testified that. in addition to the old car and the $700. there was a balance of $150 due appellee for the new Ford; and that Will Benson had signed a conditional sales contract for said $150 and carrying charges. The contract was introduced in evidence, and Benson reluctantly admitted that he had "signed some papers." As aforesaid, the evidence was in sharp dispute as to what the agreement was between appellant and appellee. There was sufficient evidence to support a verdict for either party; and the decision by the jury settles the fact question.

II. *Instructions.* In appellant's instruction No. 1 the Court told the jury: "If you find from the evidence that the automobile in controversy is the property of the plaintiff, Miss Bautts, you will find for the plaintiff for the recovery of the property; and you will also find for the value of the auto in controversy in the event its recovery cannot be had; and also the damage suffered by plaintiff by reason of its detention."

Appellant now complains of the refusal of the Court to also give appellant's instruction No. 2, which reads: "If the jury believe from the evidence that Miss Beulah Bautts had an interest in the automobile involved in this case, coupled with the right to take possession and control the same, at the time of the commencement of this action, they must find for the plaintiff, though they may believe from the evidence that other parties had an ultimate interest in an account concerning it."

The Court committed no reversible error in refusing this instruction. The controversy was between appellant and appellee; and the concluding language in the refused instruction (i. e., "although they may believe from the evidence that other parties had an ultimate interest in an account concerning it") was misleading and uncertain. An instruction subject to these vices should not be given.[1] Insofar as the requested instruction was a correct declaration of law, it was a duplication of instruction No. 1, which was given; and insofar as the requested instruction No. 2 was broader than instruction No. 1, it was misleading and uncertain.

Affirmed.

---

[1] See Helena Gas Co. v. Rogers, 104 Ark. 59, 147 S.W. 473 and other cases collected in West's Ark. Digest, Trial, § 242.