Dixie Furniture Company *v.* Deason.

5-986                                                    293 S. W. 2d 706

Opinion delivered October 1, 1956.

*Dinning & Dinning,* for appellant.

*Harold Sharpe* and *Ted McCastlain,* for appellee.

Sam Robinson, Associate Justice. This is a personal injury case growing out of the explosion of Butane gas. The issues are whether the evidence is sufficient to sustain a jury finding of negligence on the part of appellants, and whether appellees are guilty of contributory negligence.

The sequence of events leading up to the injury of appellees is as follows: The appellant, Dixie Furniture Company, sold to Howard Shields a quantity of furniture, including a Butane gas range for the kitchen. This stove was installed in a house at Brinkley, Arkansas rented by Shields from N. D. Early. Later, Shields decided to move from Brinkley and notified appellant company to repossess the furniture, including the stove. In response to Shields' notice, on the 22nd day of September, the appellant sent two employees, Charles Maness and Charles Butler, to get the furniture and stove.

On October 5, appellee, Mrs. Helen Deason, rented the house from Mr. Early where Shields had lived; she moved to the place on October 6. The house was piped for gas, with a gas heating stove in the living room, one in the bathroom, and a gas connection in the kitchen. Prior to the time she moved into the Early house Mrs. Deason had never used gas. She owned an oil cooking stove and this stove was placed over the gas pipe in the kitchen by the men she had employed to move her household belongings. Mrs. Deason cooked on her oil stove that night. The next day she had the gas company send out a man to examine the stoves in the living room and bathroom; she could see that the handle which turned the living room stove on and off was missing. She also wanted the hot water tank lighted. Jim Burdshall, an employee of the gas company, came out to do this work. The butane gas had been cut off at the tank in the yard. Burdshall examined the stoves in the living room and the bathroom, turned the gas on at the butane tank in the yard, and then attempted to light the butane hot water heater. He turned on the gas at that fixture and struck a match to light it; when he did, there was an explosion, and both Burdshall and Mrs. Deason, who was standing nearby, were burned. They both recovered judgment against the appellant furniture company and against Early, owner of the house. Early has not appealed.

The points relied on by appellant on appeal are: First, "Insufficiency of the evidence offered by the appellees at the close of their testimony as well as at the close of all the testimony to submit a question of negligence to the jury." Second, "Contributory negligence on the part of the appellees based upon their own testimony which would bar a recovery."

The evidence is convincing that the gas pipe for the cook stove was open and uncapped, and the gas escaping from the open pipe caused the explosion. The evidence is equally convincing that Shields, the former occupant of the house, on the one hand, or Maness and Butler, employees of the furniture company, on the other hand, disconnected the stove and failed to put a cap on the

open end of the gas pipe. Shields testified positively that he did not disconnect the stove; that he notified the furniture company that they could repossess the furniture and stove, and then he left town and was not in Brinkley that afternoon when the furniture company sent for and obtained the stove. On the other hand, Maness and Butler, employees of the furniture company, testified that they did not disconnect the stove; that when they got to the house where the stove was located, the stove had been disconnected and moved out into the center of the floor. The correct version of what occurred was within the province of the jury to determine. The jury had the advantage of being able to observe the witnesses and their demeanor, and was in a much better position than this court is to judge the credibility of the witnesses.

Negligence is the doing of that which an ordinarily prudent person would not do under the circumstances, or, the failure to do that which an ordinarily prudent person would do under the circumstances. With the gas pipe for the cook stove uncapped and open only a few feet from the hot water heater, an explosion would be almost certain to occur if the gas were turned on and a flame produced to light the hot water heater without discovering the uncapped pipe; and that is exactly what occurred here. Appellant correctly states the law to be that negligence cannot be presumed, but must be proved; here, it was proved. Circumstantial evidence leads to the conclusion that either Maness and Butler, or Shields, disconnected the cooking stove and failed to cap the gas pipe. There is no contention on any one's part that the pipe was capped when the stove was removed, but that the cap had been removed by vandals or thieves during the 16-day period that the house was vacant, between the time that Shields moved out and Mrs. Deason moved in. But Maness and Butler, and Shields, simply say they did not disconnect the stove. Of course, without the stove being disconnected, no cap could be placed on the pipe. The jury found that appellants' employees, Maness and Butler, did disconnect the stove and failed to put a cap on the open gas pipe; and it was a question

for the jury to say whether an ordinarily prudent person would have left the pipe uncapped, depending on the next occupant of the house discovering the uncapped condition of the pipe before turning on the gas.

Whether the failure to put a cap on the pipe was the proximate cause of the injuries was a question of fact for the jury. In *Federal Compress & Warehouse Company* v. *Free,* 190 Ark. 969, 82 S. W. 2d 253, this court quoted with approval from *Helena Gas Company* v. *Rogers,* 104 Ark. 59, 147 S. W. 473, as follows: "The question of proximate cause, as this court has already said, is not one of science or legal knowledge, and is a question ordinarily for the jury, to be determined as a fact from the particular situation, in view of the facts and circumstances surrounding it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments. *Pulaski Gas Light Co.* v. *McClintock,* 97 Ark. 584, 134 S. W. 1189. * * * It is not necessary that the effect of the act or omission complained of would in all cases, or even ordinarily, be to produce the consequences which followed, but it is sufficient if it is reasonably to be apprehended that such an injury might thereby occur to another while exercising his legal right in an ordinarily careful manner, or, in other words, if the act or omission is one which the party ought, in the exercise of ordinary care, to have anticipated as likely to result in injury to others, then he is liable for any injury proximately resulting therefrom, although he might not have foreseen the particular injury which did happen. *Pulaski Gas Light Co.* v. *McClintock, supra; Foster* v. *Chicago, R. I. & P. Ry. Co.,* 127 Iowa 84, 102 N. W. 422, 4 Am. & Eng. Ann. Cas. 150; *Baltimore & Ohio Rd. Co.* v. *Slaughter,* 167 Ind. 330, 79 N. E. 186, 7 L. R. A. (N. S.) 597."

There was also a question for the jury as to whether appellees were guilty of contributory negligence in failing to discover that the pipe was uncapped, and the jury found in favor of appellees on that issue. This court

cannot say as a matter of law that either Mrs. Deason or Burdshall was guilty of contributory negligence in failing to discover the open pipe.

Affirmed.