Newton County *v.* Phillips.

Opinion delivered March 3, 1930.

*Jack Holt* and *Shouse & Rowland,* for appellant.

*W. P. Spears* and *J. M. Shinn,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not rendering judgment against the clerk for $105.64, one-half of the amount of scrip $211.28, which he offered with $17.72 in cash in payment of the county tax collected and charged against himself, $229.

The county clerk was charged with the duty of collecting the county privilege tax for recording deeds and

mortgages and issuing marriage licenses, and, the majority is of opinion, comes within the designation "or other officer" under the statute, § 10046, C. & M. Digest, requiring the collector of revenue to pay the revenues collected "in kind" in settlement, and making himself subject to a fine for violation of the act "and liable on his official bond for the difference in value between the funds received and those paid." Although it is true the clerk would have been required to receive in payment of the county privilege tax, if it had been tendered, the county scrip for that amount, and could have paid this scrip so received in full settlement of the tax to the county, he did not in fact do so, but allowed the debtor the discount of the depreciated value of the scrip, collecting of him 25 cents in money only for the 50-cent tax for which he attempted to make settlement of the tax due the county with county scrip. This could not be done. Although he claimed he only collected in cash one-half of the amount of the privilege tax required by law to be paid the county, it is undisputed, conceded in fact, that he collected in each instance, in money, his own fees and one-half of the amount of the county tax, an amount in excess of the amount due for county tax. Since this was collected in money, he was bound to pay "in kind" into the treasury, in settlement with the county court, the whole of the tax collected, which the court correctly held had not in fact been done by the payment into the county treasury of the $211.64 in county scrip of the value in cash of 50 cents on the dollar. He could not take, regardless of the custom, in payment of the amount of privilege tax required by law to be collected a less amount than fixed by law and was bound to pay "in kind" in settlement of the tax collected. Having in fact collected in cash more than the amount of the tax required to be collected and being bound to pay "in kind" the funds received, the whole amount of the tax, the court erred in not rendering judgment for the balance of the tax, which should have been collected by him and paid "in kind"

into the treasury.  He was bound to collect the tax, collected only one-half of it in cash, and, not being permitted himself to substitute depreciated scrip, not paid to him, in settlement of the tax, he could not discharge his obligation to the county to pay the whole amount of privilege tax "in kind" into the treasury, which he attempted to do, by using depreciated scrip worth only 50 cents on the dollar.

The judgment must accordingly be reversed, and the cause remanded with directions to enter a judgment for one-half the cash value of the scrip attempted to be paid in settlement or $105.64.  It is so ordered.