BURNS *v.* HALL.

5-2551                                     356 S. W. 2d 235

Opinion delivered April 2, 1962.

[Rehearing denied May 7, 1962.]

*Francis T. Donovan,* for appellant.

No brief for appellee.

SAM ROBINSON, Associate Justice. Appellee, Hall, filed this suit against appellant, Burns, seeking judgment in the sum of $771.37 on an account. An itemized statement of the account was attached to the verified complaint, made a part thereof, and marked Exhibit "A". The itemized statement shows the date of sale, the sale price, the nature of the item sold, such as dairy feed, hay, calf starter, etc. Hall demurred to the complaint stating as grounds for the demurrer that the complaint does not state facts sufficient to constitute a cause of action and that the exhibit to the complaint is not properly itemized and verified. Appellee filed an additional itemized statement showing a debt totaling the same as Exhibit "A" attached to the original complaint; however, there were some slight changes in the

listed items which may have been necessary because of typographical errors.

The demurrer was overruled by the trial Court, but was treated as a motion to make the complaint more definite and certain. As such, the motion was granted and appellee was ordered to make the complaint more definite and certain within fifteen days. Appellant objected to the overruling of the demurrer. He elected to stand on it and declined to plead further. Thereupon the Court rendered judgment for Hall for the amount of the itemized statement of the account. Burns has appealed to this Court.

First, appellant argues that the account is not properly itemized and cites as authority to sustain his contention in that respect the case of *Griffin* v. *Young,* 225 Ark. 813, 286 S. W. 2d 468. In that case it was held that a similar statement of account was subject to a motion to make the complaint more definite and certain and the judgment was reversed because the trial Court overruled a motion to that effect. The Griffin case does not suggest that the complaint was demurrable. Likewise in the case of *Brooks* v. *International Shoe Co.,* 132 Ark. 386, 200 S. W. 1027, cited by appellant, it was held that the trial Court erred in overruling a motion to make the complaint more specific, but nothing is said in that case indicating that the complaint did not state a cause of action.

Appellant also contends that the itemized statement of account is not verified. In his verification of the complaint Hall states: ''Comes the plaintiff herein, Lonzo Hall, after being duly sworn, on oath states that he has read the foregoing complaint and the statement of account, marked Exhibit ''A'', and attached hereto, and it is true and correct to the best of his knowledge and belief.'' The affidavit was made before a notary public and was a sufficient verification of the account.

In *Clarke* v. *John Wanamaker,* 184 Ark. 73, 40 S. W. 2d 784, there was a default judgment for the plaintiff in a suit on an account for merchandise sold. There, the

Court held that an affidavit, duly certified and sworn to before a notary public, substantially the same as the affidavit to the complaint in the case at bar, was a sufficient verification of the account. The Court further said: ''The effect of § 4200 of Crawford & Moses' Digest [Ark. Stats. 28-202] is to make a verified account, when undenied, *prima facie* proof of its correctness. The defendant did not deny the correctness of the account by affidavit or by verified answer. She did not offer any testimony whatever, but contented herself with demurring to the complaint. By virtue of the statute above quoted, the account verified by the affidavit of the agent of the plaintiff was evidence of its correctness, and, not having been attempted to be contradicted by the defendant, warranted a judgment in favor of the plaintiff.''

Affirmed.