Jo MHOON *v.* STATE of Arkansas

CR 82-134                                              642 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered November 15, 1982
[Rehearing denied December 20, 1982.]

*Ball, Mourton & Adams,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Jo Mhoon was elected tax collector of Washington County for a two-year term beginning in January, 1979. In October, 1980, a state audit team made an unannounced cash count of funds in all the county offices in the county and discovered in the collector's office money for which no receipts had apparently been issued. During the next nine months the auditors spent some 3,700 hours in conducting a detailed audit of the collector's records and concluded that there was a shortage of about $24,000. This prosecution was instituted against the appellant for theft of funds in excess of $2,500 and for 20 charges of malfeasance in office (failure to account for collections within five days after the first day of 20 separate months). The jury found the appellant guilty of theft and sentenced her to a $10,000 fine and removal from office. The jury also found her guilty of 18 of the 20 charges of malfeasance in office and fixed her punishment upon each count at a $100 fine and removal from office.

For reversal the appellant argues that the court should have directed a verdict of not guilty upon the charge of theft, that an auditor should not have been permitted to summarize his findings without the supporting documents having first been admitted in evidence, and that the 20 misdemeanor counts of malfeasance in office should have been dismissed.

First, there is ample substantial evidence to support the submission of the theft charge. The auditors found that a great many carbon copies of tax receipts had been marked with the word "void," although the original tax receipts had been issued. A handwriting expert testified that he had a high degree of certainty that the appellant had written the word "void" on the copies. There was testimony that after the appellant had been told of the shortages she appeared from time to time with some of the missing receipts. The proof showed that it was the appellant who took the weekly collections to the bank for deposit and thus had the opportunity to withhold cash. Other employees in the

collector's office testified that they had not voided the tax receipts. The jury evidently disbelieved the appellant's testimony that she did not void the receipts and that someone else must have done so. The State's proof was substantial, and upon the evidence, circumstantial though it was, the jury could reach its verdict of guilty without resorting to conjecture. *See Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981).

Second, Rule 1006 of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides, as did the common law, that the contents of voluminous writings which cannot conveniently be examined in court may be presented in summary. That was done by the witness Johnson's testimony. The auditors had examined hundreds of documents in the collector's office and had recorded their figures in worksheets. Those documents and worksheets were made available to defense counsel and were brought into the courtroom at the court's direction. The defendant was offered a continuance to permit her counsel to examine the documents, but that offer was declined. The trial judge handled this entire matter correctly.

Third, the trial court overruled a defense motion to dismiss the charges of malfeasance in office, finding that the collector's failure to pay over the funds within five days after the first of each month was a violation of a statute cited in the information, Ark. Stat. Ann. § 84-1401 (Repl. 1980), and that the misdemeanor penalty was provided by the next section, § 84-1402, also cited in the information.

The court's ruling was in error. That the two sections happen to have been compiled successively in the annotated statutes does not mean that they are closely related. Quite the contrary. The penal section, § 84-1402, was enacted in 1883, when there were in circulation paper currency, national bank notes, warrants, and scrip that were not worth their face value. The section specifically required the collector to pay his various collections into the county treasury in kind: that is, in the same form in which he received them. The section provided that his failure to do so subjected him to a $100 fine and subjected his official bondsman to liability

"for the difference in value between the funds received and those paid" into the treasury. We so construed the 1883 statute in *Newton County* v. *Phillips,* 181 Ark. 177, 25 S.W.2d 419 (1930), where the collector had received cash but had deposited depreciated scrip instead.

The other section cited in the information, § 84-1401, is part of Act 282 of 1935. That act comprises nine sections and simply defines the routine for the payment of taxes and for the handling of the funds by the collector and other county officers. Section 7 of that 1935 act does require the county collector to deposit his collections monthly with the treasurer, but there are no pertinent criminal penalties for his failure to do so. Thus the trial court was mistaken in holding that such a failure is a violation of the 1883 statute requiring the collector to make his deposits with the county treasurer "in kind." We find no indication in any statute that the collector's failure to deposit his collections promptly is in itself a criminal offense.

The judgment is affirmed with respect to the conviction for theft, but with respect to the misdemeanor convictions the judgment is reversed and the charges are dismissed.