## Seth WARD II *v.* GERALD E. PRINCE CONSTRUCTION, INC.

87-95                                          732 S.W.2d 163

### Supreme Court of Arkansas
Opinion delivered July 13, 1987
[Rehearing denied September 14, 1987.]

60

*Rose Law Firm*, by: *David L. Williams*, for appellant.

*Jimmy D. Taylor*, for appellee.

Tom Glaze, Justice. Appellee, a general contractor, performed certain remodeling work on appellant's house. Appellee subsequently filed an action on account to recover for labor, materials, overhead and profit. Appellant answered, denying the account, and counterclaimed, alleging damages for appellee's failure to complete the work and his unworkmanlike performance. The trial court entered judgment for appellee in the sum of $8,318.15 and dismissed appellant's counterclaim. For reversal, appellant contends the trial court erred by (1) admitting into evidence a summary of material and labor charges when appellee failed to produce the original documents as required by A.R.E. Rule 1006, and (2) finding for appellee when he failed to prove an action on account. We affirm.

Concerning appellant's first point, we turn to Rule 1006 of the Arkansas Rules of Evidence, which controls the admissibility of summaries. That rule provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

In the instant case, appellee introduced into evidence only the original invoices involving the major purchases that went into the remodeling of appellant's house. Otherwise, the trial court permitted appellee to introduce a summary of all the expenditures for labor, materials and subcontracting he had incurred on

appellant's job. Appellee testified the summary was done on a per job basis, and kept weekly, showing the date of invoice, the amount due for material and the number of the check used to pay for the material or labor used on the job.

Appellant argues that while no Arkansas case has addressed Rule 1006 as yet, other jurisdictions and Arkansas decisions rendered prior to the adoption of the rule support the conclusion that the original underlying documents of a summary must be (1) shown to be admissible and (2) made available in court in order to assure the accuracy of the summary and to allow for effective cross-examination. He further urges this court to adopt the procedure of our sister state, Missouri, which requires that, in order to introduce a summary of records, a party must give notice of such intention within a reasonable time prior to actual use of the summary. *See Union Electric Co.* v. *Mansion House Redevelopment Co.*, 494 S.W.2d 309 (Mo. 1973).

Rule 1006 does not require that a party notify an opposing party that he intends to introduce a summary. Instead, it merely mandates the originals, or duplicates, which are underlying documents of a summary, be made available for examination or copying or both, by other parties at a reasonable time and place. *See Square Liner 360°, Inc.* v. *Chisum*, 691 F.2d 362 (8th Cir. 1982). In addition, the rule allows the trial court discretion to order those documents be produced in court. Our court ordered production of such documents in *Mhoon* v. *State*, 277 Ark. 341, 642 S.W.2d 292 (1982). There, the trial court directed the state, during trial, to produce documents located in the Washington County collector's office, after permitting an auditor to testify concerning his summary of findings extracted from those documents. Although the trial court offered defendant's counsel a continuance to afford him an opportunity to examine the documents, counsel declined the offer. This court volunteered approval of the manner in which the trial court handled the matter.

Here, appellant objected to appellee's summary evidence; he never requested the trial court to order the appellee to produce the original or duplicate documents in court. Although appellant's failure to make such a request at trial would not, in itself, alleviate appellee's responsibility to make the documents

available, the appellee did, more than two weeks prior to trial, inform the appellant that he could view and copy any and all documents at the appellee's Little Rock office.[1] In sum, the record reflects that certain documents, including itemizations of the materials and labor used on the job, were given appellant, and those underlying invoices not provided had also been made available to appellant if he had desired to review or copy them.[2] Appellee's action here was one on account, yet appellant, after receiving appellee's itemized summary of materials and labor costs, through discovery, made no efforts to review the original underlying invoices; nor did he request their production at trial. At this point, we note appellant cites *Square Liner 360°* v. *Chisum, supra,* in support of his position that his right to examine underlying documentation and to prepare necessary challenges is not limited by his failure to request such documents during discovery. The court's basic holding, however, was that there was a denial of effective cross-examination when, two hours before Chisum testified, opposing counsel was presented with fifty-five pages of Chisum's handwritten summary, and documentation was not produced prior to his testimony. Further, opposing counsel was not notified Chisum would be called to testify until the day before he took the stand. The situation here is unlike that which occurred in *Chisum.* We are unable to hold, considering the circumstances here, that the trial court was clearly wrong in allowing the appellee to introduce his summary evidence.

As a part of his first argument, appellant also contends the appellee's summary was not admissible as a business record. We find this contention without merit. Rule 803(6) of the Arkansas Rules of Evidence allows certain business records into evidence if they are made at or near the time of the acts or events by a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of

---

[1] On June 11, 1985, appellee filed his response to appellant's request for admission and production of documents; appellee attached a number of documents and summaries, but also advised appellant or his representative could view and copy any or all the documents and other records during normal business hours.

[2] Appellee's bookkeeper testified that appellant had called her requesting copies of the job invoices, and she sent him copies of all of them, but did not give appellant copies of appellee's cancelled checks.

that business activity to make the record, all as shown by the custodian or other qualified witness. The requirements of Rule 803(6) were clearly met here. Appellee's bookkeeper, Linda Thorpe, testified that her daily responsibility was to keep up with material and labor expenses for each job. She kept the respective invoices in the job folder and listed (summarized) the invoices as well as the checks used to pay those invoices. Thorpe's testimony unquestionably identified the summary document she prepared as a business record, and we believe the trial court was correct in admitting it into evidence.

Finally, appellant argues the trial court erred in finding that the appellee proved his action on account. He cites *Griffin* v. *Young*, 225 Ark. 813, 286 S.W.2d 486 (1956), wherein this court, quoting from 1 C.J. *Accounts and Accounting* § 1 (1914), said, "To constitute an account, there must be a detailed statement of the various items, and there must be something which will furnish to the person having a right thereto information which will enable him to make some reasonable test of its accuracy and honesty." Because appellee's complaint failed to detail the nature of his account, appellant urges appellee's complaint was insufficient to state a cause of action on account. Appellant concedes that appellee's failure to attach an itemization to his complaint could have been harmless except for his failure to present sufficient proof of damages. Again, appellant suggests appellee's proof was deficient since he relied solely on his summary evidence to prove his account.

As noted in *Burns* v. *Hall*, 234 Ark. 943, 356 S.W.2d 235 (1962), the *Griffin* case did not suggest that the plaintiff's complaint was demurrable for failing to state a cause of action. Instead, the *Griffin* court reversed because the trial court erred in failing to grant the defendant's motion to make the complaint more definite and certain. *See also Everett* v. *Parts, Inc.*, 4 Ark. App. 213, 628 S.W.2d 875 (1982). No such motion was made here. Also, as we have already fully discussed, we believe the appellee's proof, both itemized and summarized, was both admissible and, therefore, supportive of the judgment rendered by the trial court.

Accordingly, we affirm the trial court on all points.

PURTLE and DUDLEY, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. I dissent because I do not approve of the tactics which are authorized by the precedent of the majority opinion.

Here, the creditor-plaintiff prepared a summary of its original records, *but did not give the debtor-defendant notice of its intent to offer the summary in evidence at trial.* The debtor went to trial apparently expecting the creditor to introduce the original records. The debtor had planned his cross-examination on questions about the original records. At trial the creditor did not bring the original records to court and was allowed to introduce a summary of the records. The debtor could not test the accuracy of the summary without the original records, and was therefore, denied effective cross-examination. In my opinion the authorization of such tactics is bad law.

The remedy would be for the majority to hold that A.R.E. Rule 1006 tacitly assumes that reasonable notice must be given of the intent to offer a summary. Such a holding would be in accordance with case law in other jurisdictions and a learned treatise.

E. Cleary, *McCormick on Evidence* § 233 (3d ed. 1984) provides:

> It has long been held that records too voluminous to be conveniently produced and examined in court may be summarized and their import testified to by a witness, usually an expert, who has reviewed the entirety. The Federal and Revised Uniform Rules of Evidence (1974) recognize and clarify this helpful practice, and also provide appropriate safeguards by requiring that the originals be made available for examination and copying by other parties. *These requirements, of course, tacitly assume that reasonable notice be given of the intent to offer summaries.*

(Emphasis supplied.)

*See also* Annot., *Requirement of Notice As Condition For Admission In Evidence of Summary of Voluminous Records*, 80 A.L.R. 3d 405 (1977).

I do not find any authority to the contrary. The case cited in

the majority opinion as authority for not requiring notice, *Square Liner 360°, Inc.* v. *Chisum*, 691 F.2d 362 at 376 (8th Cir. 1982) simply does not so provide.

In my opinion the majority, by failing to require notice of intent to introduce a summary, is unintentionally authorizing a type of trial by ambush.

PURTLE, J., joins in this dissent.