Michael MORRIS, *et al. v.* ARKANSAS DEPARTMENT of
FINANCE and ADMINISTRATION

CA 02-890                                                     112 S.W.3d 378

Court of Appeals of Arkansas
Division II
Opinion delivered May 7, 2003

*David J. Potter*, for appellants.

*Michael J. Wehrle*, for appellee.

KAREN R. BAKER, Judge. This appeal is from an order of the Sevier County Circuit Court finding that two logging-related businesses owned by appellant Michael Morris and three similar businesses owned by appellant Jim Morris owe appellee, the Arkansas Department of Finance and Administration, withholding taxes for their employees for the time period beginning in January 1989 and ending in December 1994. Appellants Michael Morris, d/b/a M & M and 3-M Transportation, Inc., and Jim Morris, d/b/a Morris Logging, Jim Morris Trucking, and Jim Morris Logging, Inc., assert error in the admission of evidence against them, the computation of the amounts owed appellee, and the dismissal of their claims for subrogation against their employees. We affirm the trial judge's decision in all respects.

Appellants employed over 100 people in Lockesburg, Arkansas, between 1989 and 1994. Although appellants withheld federal income taxes from their employees' wages and prepared W-2 forms, they did not withhold or remit state income taxes. After conducting five audits, appellee assessed appellants for unpaid withholding taxes, interest, and penalties. Although appellants did not establish a reasonable cause for their failure to withhold the taxes, appellee conducted reaudits to give them credit for the income taxes that the employees had paid on those wages. According to appellee, if an employee had reported gross income

in an amount at least equal to the amount of wages reported in the W-2 records, it gave appellants credit for the state income taxes that should have been withheld on those wages. Appellants challenged the reaudits and requested an administrative hearing, adopting the position that the state income taxes were the employees' responsibility. Appellee upheld the assessments. Appellants filed this action for judicial relief from appellee's determination under Ark. Code Ann. § 26-18-406 (Supp. 2001). In their complaint, appellants also sought subrogation from the employees, naming them as defendants.

Appellee's auditor, Donald Gunter, testified at trial that he had reviewed appellants' W-2 and W-4 payroll records between 1989 and 1994 and had prepared audit summaries from those records. Mr. Gunter testified that he had calculated the amounts of income taxes that should have been withheld by taking each employee's W-2 income for each year, finding the correct amount of taxes due according to the state standard deduction tax table, and subtracting any allowable personal tax credits. He said that he did not compute withholding tax for any employee with $3,000 or less yearly income. He testified that each employee who had reported gross income in an amount at least equal to the amount of wages reported in the W-2 records was not included in the audits; therefore, appellants were given credit for the taxes that should have been withheld for those wages. Neither appellant Jim Morris nor Michael Morris testified, nor did any other officer of their companies.

In his order, the trial judge found that appellant Jim Morris was "well aware" of his obligation to withhold state income taxes from his employees' wages but refused to do so. The judge noted that, since 1965, Arkansas employers have been required to withhold state income taxes from the wages paid to their employees and that any employer who fails to do so is personally and individually liable to the state for those taxes. Further, the judge refused to grant appellants subrogation against the employees, stating that appellants had cited no Arkansas statutory or case law to support their claim. The judge found that appellants were liable for such taxes, the statutorily permitted interest, and penalties as follows:

*Michael Morris d/b/a M & M* — $5,502 taxes; $1,925.70 penalty; interest at 10% from the due dates of the delinquent withholding taxes until paid;

*3-M Transportation, Inc.* — $4,690 taxes; $1,641.50 penalty; and interest at 10%;

*Jim Morris d/b/a Morris Logging* — $1,838 taxes; $643.30 penalty; and interest at 10%;

*Jim Morris d/b/a/ Jim Morris Trucking* — $6,871 taxes; $2,404.85 penalty; and interest at 10%; and

*Jim Morris Logging, Inc.* — $22,157 taxes; $7,754.95 penalty; and interest at 10%.

## Arguments

Appellants make the following arguments: (1) the trial judge erred in admitting the audit summaries into evidence; (2) the judge erred in failing to deduct withholding for the employees who had paid their state income taxes; (3) the judge erred in denying appellants subrogation against the employees.

## Admission of Evidence

Appellants assert that the judge committed reversible error by admitting appellee's audit summaries into evidence without requiring appellee to first give notice of its intention to use such summaries and to produce at trial the documents from which they were compiled. In his order, the judge stated that, given the large number of employees, the amount of time, and the fact that five employers were involved, the audit summaries introduced by appellee were acceptable to establish appellants' tax liability in lieu of all of the source documents. He stated: "Mr. Gunter's testimony regarding audit procedures, techniques and calculations provided an adequate foundation for the admission of the Audit Summaries." The judge also found that there was no evidence to suggest that appellants were denied access to any of appellee's evidence and supporting documents prior to trial or that appellants had made proper discovery requests pursuant to the Arkansas Rules of Civil Procedure. He added: "The supporting W-2 and W-4 records were obtained from the [appellants or the appel-

lants'] accountant and therefore should have been readily available to [appellants] throughout the pendency of this case." The judge also found that appellants had failed to prove that the reaudits were flawed in any respect.

■ ■ The admission of evidence is at the discretion of the trial judge, and we will not reverse absent an abuse of that discretion and a showing of prejudice. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001). Rule 1006 of the Arkansas Rules of Evidence controls the admissibility of summaries. It states:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

This rule gives the trial judge discretion whether to accept or reject a summary or whether to order that the source documents be produced in court. *See Dodson v. Allstate Ins., supra.* Rule 1006 does not require that a party notify an opposing party that he intends to introduce a summary. *Ward v. Gerald E. Prince Constr., Inc.*, 293 Ark. 59, 732 S.W.2d 163 (1987).

■ The five audit summaries introduced at trial as State's Exhibits 1 through 5 set forth many details about the process by which they were prepared. Each sets forth the audit period, the company, the date completed, the identity of the auditor, the credits given during the reaudit, the auditor's report, samples of the W-2 forms from which the audits were prepared, and computations of the taxes, penalties, and interest due. Mr. Gunter, the lead auditor who prepared these summaries, testified that he used appellants' W-2 and W-4 records to prepare the summaries and explained the process in great detail. He also thoroughly described the care with which he had conducted the reaudits to ensure that appellants were given credit for the taxes that had been paid by the employees. Mr. Gunter stated that the W-2 forms were the "key documents" that he used to determine the employees' wages. Appellants do not deny that these documents were

obtained from them or their accountant. Given appellants' possession of the source documents, and their failure to demonstrate prejudice, we cannot say that the judge abused his discretion in admitting these summaries.

## Credit for Taxes Paid

■ ■ Appellants argue that the judge erred in failing to give them credit for taxes paid by two employees who testified at trial that they had paid their taxes and by others who had indicated that they had done so in answers to interrogatories and requests for production of documents. Whether appellee gave appellants credit for all of the taxes actually paid by employees is a question of fact that is not reversible unless it is clearly against the preponderance of the evidence. The standard that we apply when reviewing a judgment entered by a circuit judge after a bench trial is well established. We do not reverse unless we determine that the circuit judge erred as a matter of law or we decide that his findings are clearly against the preponderance of the evidence. *Riffle v. United Gen. Title Ins. Co.*, 64 Ark. App. 185, 984 S.W.2d 47 (1998). We view the evidence in the light most favorable to the appellee, resolving all inferences in the appellee's favor. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). The determination of the credibility of witnesses is within the province of the circuit judge, sitting as the trier of fact. *Id.*

In his decision, the judge stated that, although an employer who fails to withhold and remit such taxes due to "reasonable cause" is entitled to credit against its withholding liability to the extent that the employees have reported the wages paid by the employer and have paid state income tax on those wages, appellants had failed to do so "without reasonable cause." He found that appellee had given appellants credit for any taxes reported and paid by the employees, even though appellants had failed to establish a reasonable cause for their failure to withhold and remit such taxes.

Arkansas Code Annotated section 26-51-905 (Repl. 1997), which is part of the Arkansas Income Tax Withholding Act of 1965, provides that employers paying wages to employees "shall deduct and withhold" income taxes from their wages and that

such amounts shall be credited against the employees' tax liabilities for that year. Arkansas Code Annotated section 26-51-908(a) (Supp. 2001) requires these employers to pay appellee the full amount that must be deducted and withheld. Section 26-51-908(e) states: "Every employer who fails to withhold or pay to the director any sums required by this subchapter to be withheld and paid shall be personally and individually liable therefor except as provided in § 26-51-916." The exception set forth in § 26-51-916 (Repl. 1997) provides:

> Every employer shall be liable for amounts required to be deducted and withheld by this subchapter regardless of whether or not the amounts were in fact deducted and withheld. However, if the employer fails to deduct and withhold the required amounts and if the tax against which the required amounts would have been credited is paid, the employer shall not be liable for those amounts not deducted and withheld if the failure was due to reasonable cause.

Appellants introduced the testimony of a former employee, James McIntyre, who stated that he had paid his state income taxes for 1991-94. Janet Denson testified that she and her husband, Gerald, had paid state income taxes for 1991-94. Appellants also introduced into evidence documents pertaining to Paul and Sonia Yancey and William Jegstrup that purportedly showed that they had paid state income taxes, even though appellee had not given credit for these payments.

On the other hand, appellee's records indicated that Mr. McIntyre and Mrs. Denson had not paid such taxes. Mr. Gunter testified that appellee had given appellants credit for all taxes paid by employees who had reported income at least equal to the amounts shown on the W-2 records maintained by appellants. The judge's finding that appellee had done so is not clearly against the preponderance of the evidence.

In any event, appellee was under no obligation to give appellants credit for any of these taxes, because appellants failed to establish any reasonable cause for their failure to do so. We note that appellants have not appealed the judge's finding that they did not establish reasonable cause for their failure to withhold and remit these taxes. Additionally, the evidence introduced at trial

clearly demonstrated that appellant Jim Morris knowingly and willfully failed to withhold and remit the taxes. Mr. McIntyre testified that, when he had asked Morris why he was not withholding state income taxes, he said that "too much paperwork" and "too much hassle" were involved.

Accordingly, we affirm on this point.

*Subrogation*

■ Relying on general principles of subrogation, appellants contend that the judge erred in denying their claim for subrogation against the employees. They assert that the employee is the primary obligor for the state income tax withheld by an employer and, therefore, the employer that is required to pay that tax should be entitled to subrogation. To support their argument, appellants rely on *St. Paul Fire & Marine Insurance Co. v. Murray Guard, Inc.*, 343 Ark. 351, 37 S.W.3d 180 (2001), which sets forth the general rules of subrogation. Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among the parties. *Id.* The elements of subrogation are: (1) a party pays in full a debt or an obligation of another or removes an encumbrance of another; (2) for which the other is primarily liable; (3) although the party is not technically bound to do so; (4) in order to protect his own secondary rights, to fulfill a contractual obligation, or to comply with the request of the original debtor; (5) without acting as a volunteer or an intermeddler. *Id.* Subrogation is a doctrine of equity governed by equitable principles. *Id.*

■ Appellants misunderstand the nature of the obligation imposed upon employers by Arkansas's withholding tax statutes: the only entities obligated by these statutes are employers. Arkansas Code Annotated section 26-51-908(e) expressly makes employers who fail to withhold and remit these taxes "personally and individually liable" for them. The basic rule of statutory construction is to give effect to the intent of the legislature. *Central & S. Cos. v. Weiss*, 339 Ark. 76, 3 S.W.3d 294 (1999). In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Stephens v.*

*Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000). If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Id.* All statutes on the same subject are in *pari materia* and must be construed together. *Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 464 (2000).

Arkansas's withholding statutes unambiguously impose liability only on employers, not employees. Thus, it is the employer's debt and not the debt of the employee pursuant to the statutes, and the elements of subrogation cannot be established. We note that appellants do not challenge the statutes or present any argument that the statutes wrongly place this liability on them.

Affirmed.

HART and GRIFFEN, JJ., agree.