The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, AR 72641
Dear Senator Laverty:
You have requested my opinion concerning the county annual financial report in situations in which a county acts as a "conduit bond issuer."
You explain that many counties and municipalities serve as "conduit bond issuers" for economic development and other purposes. In these situations, bonds are issued in the name of the county or municipality. In most instances, the project is leased to the non-profit or company running the project for the length of the bonds, with the entity being obligated to purchase the project (usually for a nominal sum) at the bond maturity date. Generally, these bonds are guaranteed by the revenues of the project and are not considered general obligations of the public entity.
Your question is:
 If a county or municipality issues revenue bonds as a conduit bond issuer for a non-profit corporation, and the bonds are guaranteed by only the revenues produced by the project for which the bonds are issued and are not guaranteed by taxes or other assets of the county or municipality, must these revenue bond issues be included as an indebtedness of the county on the report required to be prepared by the county clerk pursuant to the provisions of A.C.A. § 14-21-102?
RESPONSE
It is my opinion that although the answer to your question is not entirely clear under state law, the bond issues you have described need not be included as an indebtedness of the county in the annual report.
A.C.A. § 14-21-102 states in pertinent part:
 (a)(1) The clerk of the county court shall make out or cause to be made out a full and complete annual financial report of the county, using the financial records of the county clerk and county treasurer, giving:
(A) A beginning cash balance;
(B) The amount of revenue from each source classification;
(C) The amount expended during the fiscal year for all purposes; and
(D) An ending cash balance.
 (2) The annual county financial report shall include all operating accounts of the county for which the quorum court has appropriating control.
 (3) The annual county financial report shall include a statement of the bonded indebtedness of the county.
A.C.A. § 14-21-102 (emphasis added).
The term "bonded indebtedness" is not defined in the statute. Nevertheless, its meaning in common usage is well-established. I must therefore apply that meaning in interpreting the statute. Morris v.Arkansas Dept. of Fin. Admin., 82 Ark. App. 124, 112 S.W.3d 378
(2003).
As you have described the situation, although the bonds are issued in the name of the county (or city), they are guaranteed by the revenues of the project, rather than by any county (or city) funds. This appears to be a bond issue that has been accomplished under the authority of Amendment 65
to the Arkansas Constitution. It is my understanding that the county retains no contractual obligation in connection with these bonds — not even any administrative responsibility to see that the project revenues are paid, as required, to the bondholders. The bonds are therefore cannot be deemed to constitute any form of "bonded indebtedness" of the county (or city), given the common meaning of the term "bonded indebtedness."
Accordingly, I must conclude that given the common meaning of the term "bonded indebtedness," as used in A.C.A. § 14-21-102(a)(3), the bond issues that you have described need not be included in the county's annual report under the language of the statute. I note that the purpose of the annual financial report that is required by A.C.A. § 14-21-102
appears to be to provide a full and complete report of the county's financial situation, based upon the county's financial records. A.C.A. §14-21-102(a)(1). Because a bond issue such as you have described is not a financial responsibility of the county, it has no impact upon the county's finances and therefore would not be required to give a full and complete report of the county's financial situation. Although appropriate records of the bond issue should clearly be maintained, it is my opinion that they need not be included in the county's annual financial report.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General