134

James A. WROTEN *v.* Howard A. EVANS and Shirley
Harris Evans

CA 86-419                                                    729 S.W.2d 422

Court of Appeals of Arkansas
Division I
Opinion delivered May 27, 1987

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Guthrie, Burbank, Dodson & McDonald*, for appellees.

DONALD L. CORBIN, Chief Judge. Appellees, Howard A.
and Shirley Harris Evans, brought a foreclosure action against El
Dorado Armature Works, Inc. They also sought judgment jointly
and severally against four guarantors in accordance with a
Guaranty Agreement to the extent the foreclosure sale failed to
satisfy the judgment. Appellant, James A. Wroten, was one of the
four guarantors. The other three guarantors are not parties to this
appeal. Appellees subsequently obtained a judgment against El

Dorado Armature Works, Inc., in the amount of $207,490.48, attorney's fees and costs. The judgment was not paid and the property was sold by a commissioner appointed by the court for $35,000. Appellees then sought judgment jointly and severally against the guarantors for $150,000. Appellant appeals from the award of judgment against him and raises one point for reversal. We affirm.

Appellant and three others executed a Guaranty Agreement on April 1, 1980, which provided that they jointly and severally guaranteed the payment of all sums due under the terms of a promissory note made and executed by El Dorado Armature Works, Inc. It guaranteed payment to the extent the note remained unpaid after the sale of certain property described within a mortgage. The agreement further provided that in no event would the guarantors be liable either jointly or severally for a sum in excess of $150,000.

Appellant filed an amended answer and cross-claim wherein he contended that any judgment awarded appellees against the guarantors should be rendered separately and that it should not be in excess of each guarantor's pro rata share. Appellant sought exoneration by the other guarantors so that each guarantor should be required to pay a proportionate share of the judgment before appellees would be permitted to enforce payment by appellant of any amount in excess of his proportionate share. In his cross-claim, appellant asked for judgments against the other guarantors in the event appellant paid in excess of his proportionate share.

Following a hearing on appellant's amended answer and cross-claim, the trial court denied the relief sought by appellant in a letter opinion. Citing *Cooper* v. *Rush*, 138 Ark. 602, 212 S.W. 94 (1919), *Hazel* v. *Sharum*, 182 Ark. 557, 32 S.W.2d 315 (1930), and *Halford* v. *Southern Capital Corp.*, 279 Ark. 261, 650 S.W.2d 580 (1983), the trial court determined appellees were entitled to judgment, jointly and severally, against each of the four guarantors for $150,000. The court below further determined that in the event appellant satisfied more than his proportionate part, appellant would have an action for contribution against the other guarantors for any amount appellant paid above his proportionate share. The record reflects appellee Howard A.

Evans testified at the hearing that based upon his information and belief, appellant was the person most likely to be in a financial position to satisfy the guaranty obligation.

Appellant argues on appeal that the chancellor erred in denying his claim for exoneration. He contends the effect of the denial of his claim for exoneration is to cause unnecessary litigation on his part to enforce his claim for contribution. Appellant points out the four guarantors were parties to the action instituted by appellees, and asks why he should be required to institute separate actions for contribution against the other guarantors when the trial court had all the necessary parties before it. He asks this court to reverse and remand with directions to the trial court to decree specific performance requiring each guarantor to pay his proportionate share. This would be conditioned upon payment by appellant of his proportionate share. In the event a guarantor fails or refuses to pay his share, appellant suggests the chancellor should enter an order permitting appellees to proceed against appellant and the remaining guarantors for the proportionate share of the nonpaying guarantor. If appellant is required to make an additional payment, appellant contends the chancellor should enter judgment in his favor for contribution against the nonpaying guarantor.

■ Both parties to this appeal concede the equitable doctrine of exoneration has not been recognized by the appellate courts of Arkansas. This doctrine gives a surety in certain situations the right to call upon his co-sureties for exoneration before any payment is made. *See D'Ippolito* v. *Castoro*, 51 N.J. 584, 242 A.2d 617 (1968); Annot., 38 A.L.R. 3rd 680 (1971). The doctrine of exoneration appears to be an expansion of the equitable doctrine of contribution.

■ The trial court in the case at bar was correct in denying appellant's claim for exoneration. The right of contribution among co-sureties and co-guarantors is well settled in this State. In *Hazel* v. *Sharum*, 182 Ark. 557, 32 S.W.2d 315 (1930), the supreme court held that an obligation created by the obligors jointly liable on a promissory note, one of whom subsequently paid the entire obligation, entitled the payor to contribution by the others on an implied obligation. In reviewing the law on the subject of contribution, the court stated:

> Here the appellees, having paid the whole amount of the debt for which all were jointly liable, were entitled to maintain an action for contribution against the other joint makers of the note, not on the note, but on the contract which the law implies, an obligation worked out by courts of equity in order to do exact justice between the parties.

*Id.* at 559. In *Cooper v. Rush*, 138 Ark. 602, 212 S.W. 94 (1919), the Arkansas Supreme Court said:

> The right of action for contribution accrues when one surety pays more than his share of the common liability. In most of the cases it is said that the contract for contribution between sureties is one which the law implies for their mutual protection and indemnity. Nearly all the cases agree, however, that no cause of action arises until payment by one of their common debt . . . . [cites omitted].

*Id.* at 605.

In the instant case appellant and his three co-guarantors jointly and severally guaranteed the payment of the amount due appellees under the terms of a promissory note not to exceed $150,000. In order to grant the relief requested by appellant, we would have to ignore the clear language of the Guaranty Agreement which we cannot do. Appellant has a contractual obligation pursuant to that agreement, and contribution is appellant's remedy against his co-guarantors. This remedy is not available to appellant until he satisfies more than his pro rata share of the judgment, $37,500. Accordingly, we cannot say the trial court erred in denying appellant's claim for exoneration, and its decision is affirmed.

Affirmed.

CRACRAFT and COOPER, JJ., agree.