## ARKANSAS KRAFT CORPORATION *v.* BOYED SANDERS CONSTRUCTION CO.

88-236                                                       764 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Ralph R. Wilson,* for appellee.

ROBERT H. DUDLEY, Justice. This case involves a question concerning the interpretation of an indemnity agreement between appellant, Arkansas Kraft Corporation, and appellee, Boyed Sanders Construction Corporation. The trial court granted appellee's motion for summary judgment, finding that the language contained in the indemnity agreement did not clearly and unequivocally show that appellee intended to indemnify appellant for appellant's own negligence. We affirm.

Appellant wanted to install a de-inking plant at its paper mill to recycle white waste paper and turn it back into useable pulp. Appellant entered into an agreement with appellee by which appellee was to provide labor and equipment as part of the construction project at the paper mill.

On September 25, 1984, Tommy Goates, an employee of appellee Sanders Construction Company, was injured while working on the construction project. Goates filed suit against appellant and another subcontractor on the job.

Appellant subsequently filed a Third Party Complaint against appellee. The complaint alleged that under the terms and conditions of a contract between the two companies, appellant was entitled to indemnity from appellee in the event that appellant was found to be liable to Goates in any amount.

At the trial of this case, the court withheld the issue of indemnity subject to the disposition of the issue of liability. The jury returned a $400,000 verdict in favor of Goates. It apportioned fault as 5% to plaintiff Goates, 50% to appellant, and 45% to the other subcontractor on the project named as codefendant in the suit. No allegations of negligence on the part of appellee were made by the appellant before the jury was dismissed. With respect to the issue of indemnity, motions for summary judgment were filed by both appellee and appellant. The trial court granted appellee's motion, and denied that of appellant. This appeal followed.

Appellant contends that the language of the indemnity agreement was sufficiently clear and unequivocal to show that the parties intended for appellee to indemnify appellant for any and all claims for injuries arising out of the work, regardless of fault, and that the trial court erred in finding otherwise. The argument is without merit.

The language at issue in the instant case is:

> To the extent that, in performance of this order, Seller shall do any work or cause any work to be done on any premises of the Buyer, then Seller shall indemnify and hold Buyer harmless against any and all liabilities or claims for injuries or damages to any person or property arising out of such work and Seller shall, further, upon request furnish Buyer with proof that Seller is carrying adequate public liability, property damage and workmen's compensation insurance.

■■ A contract of indemnity is to be construed in accordance with the rules for the construction of contracts generally. *Pickens-Bond Constr. Co.* v. *NLR Electric Co.*, 249 Ark. 389, 459 S.W.2d 549 (1970). If there is no ambiguity in the language of the contract, then there is no need to resort to rules of construction. *Id.* However, a subcontractor's intention to obligate

itself to indemnify a prime contractor for the prime contractor's *own* negligence must be expressed in clear and unequivocal terms and to the extent that no other meaning can be ascribed. *Hardeman, Inc.* v. *Hass Co.*, 246 Ark. 559, 439 S.W.2d 281 (1969). While no particular words are required, the liability of an indemnitor for the negligence of an indemnitee is an extraordinary obligation to assume, and we will not impose it unless the purpose to do so is spelled out in unmistakable terms. *Id.; Batson-Cook Co.* v. *Industrial Steel Erectors*, 257 F.2d 410 (5th Cir. 1958). We find no such clear and unequivocal terms in the instant case.

■ Appellant argues that the trial court failed to identify any portion of the indemnity agreement which created an ambiguity. The argument misses the point. The language of an indemnity agreement can be unambiguous and still not spell out in clear, unequivocal, unmistakable terms the indemnitor's intention to obligate itself to indemnify for the indemnitee's negligence.

■ Both parties rely upon the case of *Pickens-Bond Constr. Co.* v. *NLR Electric Co.*, 249 Ark. 389, 459 S.W.2d 549 (1970). Appellant's reliance upon the case, however, is misplaced because the indemnity language in *Pickens-Bond* is clearly distinguishable from the language at issue here. The pertinent indemnity language from *Pickens-Bond* was: "He shall specifically and distinctly assume, and does assume, all risks of damage or injury *from whatever cause* to property or persons used or employed on or in connection with his work, . . . ." (Emphasis added.) This Court found that language to be so broad and sweeping as to clearly and unequivocally show the indemnitor's intention to obligate itself, even for the negligence of the indemnitee. Even so, this Court reversed the summary judgment and remanded the case holding that there was a justiciable issue concerning whether the prime contractor's negligence was the *sole* proximate cause of the accident. In so holding, this Court found that such a broadly worded indemnity clause would cover any situation unless the damage or injury was due to the indemnitee's sole negligence. The language at issue here, however, is simply not so broad as to clearly and unequivocally show the indemnitor's intention to obligate itself to indemnify the indemnitee for the indemnitee's own negligence.

Appellant contends alternatively that if it is not entitled to full indemnity, then it is at least entitled to indemnity to the extent that appellee was at fault in causing the injuries to Goates. Appellant asks us to remand the case for a determination of that issue. We decline to do so.

■ Appellant filed its Third Party Complaint against appellee alleging that it was contractually entitled to indemnity from appellee in the event appellant was found to be liable to Goates in any amount. Appellant made no allegations of negligence against appellee in the complaint, and it was never amended. The theory of recovery rested entirely upon the alleged contractual obligation to pay in full any and all amounts for which appellant might be held liable for its own individual acts of negligence. In fact, the first and only time, prior to the briefs submitted in this appeal, that appellant even mentioned any fault on the part of appellee was in appellant's Brief in Support of Response in Opposition to Motion for Summary Judgment, where appellant stated: "Due to [appellee's] immunity with respect to plaintiff's claim, the fault attributable to the third party defendant [appellee] has yet to be determined." The issue was therefore not properly raised below and cannot now be raised on appeal.

Affirmed.