James E. POLLARD, *et al. v.*
UNION PACIFIC RAILROAD COMPANY, *et al.*

CA 00-1158 54 S.W.3d 559

Court of Appeals of Arkansas
Division III
Opinion delivered September 12, 2001

*Odell Pollard, P.A.,* by: *Odell Pollard,* for appellants.

*Wright, Lindsey & Jennings, LLP,* by: *Michael D. Barnes, Kyle R. Wilson,* and *Elisa Masterson White,* for appellees.

L ARRY D. VAUGHT, Judge. This is an appeal from a summary judgment granted in favor of appellees. Appellants argue that the trial court erred because there were material facts left to be decided on the issue of whether the alleged negligence of appellees

was the proximate cause of appellants' automobile accident. We agree and reverse.

Appellants, James Pollard and Sharon Hunter, mother and natural guardian of Scott Hunter, filed a complaint against Floyd Frazier, Union Pacific Railroad (Union Pacific), and Tri-State Traffic Control, Inc. (Tri-State). Appellants later filed an amended complaint adding Frazier's insurance carrier, Liberty Mutual Insurance Co. (Liberty Mutual), as a defendant. The suit arose out of an automobile accident.

On August 13, 1998, Scott Hunter was driving a vehicle in which his grandparents, James and Helen Hunter, were passengers. Hunter was driving north on Highway 49 approaching Highway 306, where he intended to turn east/right onto Highway 306. A railroad track operated by Union Pacific runs parallel to Highway 49 and intersects Highway 306, several feet east of the intersection. As Hunter approached the intersection, he slowed down with the intention of turning right onto Highway 306. Floyd Frazier, an employee of the Arkansas Highway and Transportation Department, was traveling behind Hunter in a state-owned service truck. Hunter, according to Frazier, turned on his right turn signal and began to slow down and bear off to the right like he was about to turn. Frazier then began to pass on the left, admittedly in a no-passing zone. As Hunter turned onto Highway 306, he saw a barricade and sign indicating that the railroad crossing on Highway 306 was closed for repairs by Union Pacific. A sign at the barricade read, "Go back to Hunter," a town located a short distance south of the intersection of Highways 49 and 306. Hunter turned his vehicle back to the left, as if he were going to turn left on Highway 306, and into the path of Frazier's truck. Frazier hit Hunter's vehicle broadside, resulting in personal injuries to Hunter and his grandparents and damage to the vehicle.

Appellants filed their complaint alleging that appellees' negligence was the proximate cause of their injuries. Specifically, appellants stated that Union Pacific hired Tri-State to place the barricade across the railroad tracks on Highway 306 and to place appropriate signs on Highway 49 to warn motorists on Highway 49 that the entrance onto Highway 306 had been barricaded. Appellants complained that Tri-State was negligent in failing to place any warning signs on Highway 49 advising motorists of the barricade, which was only a few feet east of the intersection. Appellants alleged that Union Pacific was negligent because it knew, prior to appellants' accident, that Tri-State failed to place warning signs on Highway 49

and that the barricade was too close to the northbound lane. In addition, appellants alleged that Frazier was negligent in driving at an excessive rate of speed, in attempting to pass in a no-passing zone, and in failing to keep a proper lookout.

Tri-State filed a motion for summary judgment, contending that its alleged negligence was not the proximate cause of appellants' injuries and that their proof of causation amounted to speculation and conjecture. Union Pacific joined the motion for summary judgment of Tri-State. After a hearing on June 9, 2000, the trial court granted summary judgment in favor of Tri-State and Union Pacific. Appellants filed motions to voluntarily nonsuit Frazier and Liberty Mutual, which the trial court granted. This appeal followed.

The supreme court has often stated the standard of review in summary-judgment cases:

> The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

*Shelton v. Fiser*, 340 Ark. 89, 95-96, 8 S.W.3d 557, 561 (2000) (citing *Adams v. Arthur*, 333 Ark. at 62, 969 S.W.2d at 605).

The motion for summary judgment filed by Tri-State, which was adopted by Union Pacific, contends that its negligence was not the proximate cause of appellants' injuries. It further stated that appellants' proof of causation amounted to speculation and that they could not establish that their injuries were a natural and continuous result of the placement (or lack of placement) of any sign by Tri-State, as opposed to the negligence of Hunter or Frazier. Tri-State

argued that the negligence of Hunter and Frazier were separate intervening causes of the accident.

 Appellants argue that the question of whether the actions of Hunter and Frazier constituted subsequent intervening proximate causes of the accident is a question of fact to be decided by a jury and not a matter of law to be determined by the trial court on the grant of summary judgment. To establish a prima facie case of negligence, a plaintiff must demonstrate that the defendant breached the standard of care, that damages were sustained, and that the defendant's actions were the proximate cause of those damages. *Union Pac. R.R. Co. v. Sharp*, 330 Ark. 174, 952 S.W.2d 658 (1997). Proximate cause is defined as "that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Id.* at 181, 952 S.W.2d at 662. Proximate causation is usually an issue for the jury to decide, and when there is evidence to establish a causal connection between the negligence of the defendant and the damage, it is proper for the case to go to the jury. *City of Caddo Valley v. George*, 340 Ark. 203, 9 S.W.3d 481 (2000). In other words, proximate causation becomes a question of law only if reasonable minds could not differ. *Id.* The supreme court recently discussed intervening causes:

> This Court has held that proximate cause is the efficient and responsible cause, but it need not be the last or nearest one. *Bennett v. Bell*, 176 Ark. 690, 3 S.W.2d 996 (1928). The mere fact that other causes intervene between the original act of negligence and the injury for which recovery is sought is not sufficient to relieve the original actor of liability, if the injury is the natural and probable consequence of the original negligent act or omission and is such as might reasonably have been foreseen as probable. *Butler v. Arkansas Power & Light Co.*, 186 Ark. 611, 54 S.W.2d 984; *Arkansas Power & Light Co. v. Marsh, supra; Hayes v. Missouri Pac. R.R. Co.*, 208 Ark. 370, 186 S.W.2d 780 (1945). The original act or omission is not eliminated as a proximate cause by an intervening cause unless the latter is of itself sufficient to stand as the cause of the injury. *Butler v. Arkansas Power & Light Co., supra; Arkansas Power & Light Co. v. Marsh, supra.* The intervening cause must be such that the injury would not have been suffered except for the act, conduct or effect of the intervening agent totally independent of the acts or omission constituting the primary negligence. *Arkansas Power & Light Co. v. Marsh, supra; Hayes v. Missouri Pac. R.R. Co., supra.*

*Shannon v. Wilson*, 329 Ark. 143, 157, 947 S.W.2d 349, 356 (1997).

Applying the above principles to the facts of this case, it is clear that Frazier's passing in a no-passing zone and Hunter's pulling out in front of Frazier's vehicle without a turn signal were in and of themselves sufficient to stand as the cause of the injury. However, the intervening causes must also be independent causes. Appellants argue that the intervening causes were not independent. Rather, they state that Hunter's turning to the left upon reaching the barricade was a normal response to the stimulus of a situation created by the negligence of appellees. They cite *Hill v. Wilson*, 216 Ark. 179, 224 S.W.2d 797 (1949), where the supreme court quoted the *Restatement of Torts*:

> 'An intervening act of a human being . . . which is a normal response to the stimulus of a situation created by the actor's negligent conduct is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about.' Restatement, Torts, 443. 'The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about if, (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.' Restatement, Torts, 447.

In *Hill*, defendant Hill appealed a plaintiffs' verdict claiming that his negligence was not the proximate cause of their injuries. The facts indicate that Hill owned a truck driven by Kimbrough. Kimbrough drove the truck and made a sudden stop without signaling. The Wilsons were traveling behind Kimbrough and were able to stop in time; however, Snider, who was traveling behind the Wilsons, was not able to stop and struck the Wilsons from behind, causing injuries to the Wilsons and their passengers. Appellant Hill argued that Snider's negligence was an independent intervening cause. The supreme court rejected the argument and affirmed the plaintiffs' verdict.

Appellants argue that Hunter's actions were foreseeable to appellees or that appellees' negligence made the accident more probable. It is foreseeable that when a road that intersects a highway is barricaded near an intersection, a driver, who initially begins to

turn at the intersection and sees a sign indicating "Go back to Hunter," will have to change his course of action. Likewise, it is foreseeable that a driver, when approaching a vehicle appearing to turn right, would pass on the left, even in a no-passing zone. The issue of proximate cause becomes a question of law only when reasonable minds could not differ. *City of Caddo Valley, supra.* Based on the facts of this case, we cannot hold as a matter of law that the acts of Hunter and Frazier were independent intervening causes. Thus, we find that summary judgment was not appropriate in this case.

Reversed and remanded.

ROBBINS and BIRD, JJ., agree.