Paul HENDRICKSON  *v*.  Randall CARPENTER
and Nita Carpenter

CA 04-0038                                          199 S.W.3d 100

Court of Appeals of Arkansas
Opinion delivered December 1, 2004

*Gibson & Hashem, P.L.C.*, by: *Paul W. Keith*, for appellant Paul Hendrickson.

*Harrelson, Moore, & Giles, LLP*, by: *Steve Harrelson*, for appellee Randall Carpenter.

*Gibson Law Office*, by: *C.S. "Chuck" Gibson, II*, for appellee Nita Carpenter.

OLLY NEAL, Judge. Appellant Paul Hendrickson appeals from a decision of the Drew County Circuit Court dismissing his claim to recover funds expended for the benefit of the appellees Randall Carpenter and Nita Carpenter. On appeal, he alleges that the trial court erred when it found that his complaint was barred by a three-year statute of limitations.

The facts of this case are as follows. On June 4, 1992, appellant agreed to guarantee an $80,000 loan by Union Bank and Trust Company of Monticello to the appellees. A year and a half later, on December 27, 1993, appellant purchased the note from the bank. Following appellant's purchase of the note, the appellees continued to make payments on the note until June 14, 1999. On December 10, 2002, appellant filed a complaint seeking to be reimbursed $136,150. In her reply, appellee Nita Carpenter acknowledged that appellant was the guarantor on the note but disputed the amount due. However, in his reply, appellee Randall Carpenter made a 12(b)(6) motion to dismiss asserting that (1) the statute of limitations had run and (2) appellant was attempting to enforce "an alleged collateral suretyship promise without a sufficient writing nor a signature of the person to be charged evidencing a contract." The trial court found that appellant was seeking contribution and that the matter was controlled by a three-year statute of limitations, and therefore, appellant's cause of action was barred. From that decision comes this appeal.

Rule 12(b)(6) of the Arkansas Rules of Civil Procedure provides that:

> Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion:
>
> (6) failure to state facts upon which relief can be granted.

In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Martin v. Equitable Life Assurance Soc'y*, 344 Ark. 177, 40 S.W.3d 733 (2001). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*

Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Arkansas Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458 (2003). We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.*

In his complaint, appellant alleged the following:

3. This is a claim brought by Plaintiff to recover certain funds advanced to or for the benefit of Defendants Carpenter.

. . . .

5. Plaintiff paid the sum of $80,000 to Union Bank & Trust Company pursuant to his guaranty of a note owing by Defendants Carpenter to Union Bank. Attached is a copy of Plaintiff's check used to satisfy said note together with copies of receipts given by the bank in connection with this payment.

In an October 1, 2003, order, the trial court applied Rule 12(b)(6) and found that the complaint alleged a cause of action. In the order the trial court also found that:

This is an action by a surety who claims that he paid an obligation which he and defendants owed and is entitled to contribution.

Pursuant to <u>Hazel, et al v. Sharum, et al.</u>, 182 Ark. 557, S.W.2d 315 (1930), in a case similar to the one at bar, the Arkansas Supreme Court stated all of the signers of the note in question were joint obligors. They were jointly and severally liable to the bank for the whole amount of the note. Each was liable for the whole amount. The right of action for contribution accrues when one surety pays more than his share of the common liability. In most cases it is said that the contract for contribution between sureties is one which the law implies for their mutual protection and indemnity. Nearly all cases agree, however, that no cause of action arises until payment by one of their common debtors is made and the statute of limitation begins to run against an action to enforce contribution at the time of such payment; and the three-year statute of limitations is held applicable. <u>Cooper v. Rush</u>, 138 Ark. 602, 212 S.W. 94 (1919)[.] In this case, the promissory note allegedly executed between Union Bank & Trust Company and the obligors is eligible. However, for

purpose [sic] of this proceeding, it is the assumption that the promissory note was executed by defendants as makers and plaintiff as guarantor. It is the Court's opinion that each signer of the note is an obligor to the bank. There is no allegation of an assignment of the promissory note by the bank to the plaintiff. Thus, the Court assumes that defendant [sic] ceased making payments to plaintiff on June 14, 1999. The record shows that this action was filed December 10, 2002. The right of action for contribution is an implied obligation, one which is not in writing between the parties hereto and the Court finds that the three-year limitation statute controls. Accordingly, this action is barred by the three-year statute of limitations.

Appellant argues that he was seeking subrogation as an accommodating party and not contribution. Although this court gives great deference to findings of fact by the trial court due to the trial court's superior position to determine credibility issues, it does not give such deference to matters of law, in that the trial court stands in no better position to apply the law than this court. *Acord v. Acord*, 70 Ark. App. 409, 19 S.W.3d 644 (2000).

A guarantor is one who makes a contract, which is distinct from the principal obligation, to be collaterally liable to the creditor if the principal debtor fails to perform. *First Commercial Bank, N.A., v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998). A party is entitled to contribution when he is jointly and severally liable on a note, and subsequently pays the entire obligation. *See Wroten v. Evans*, 21 Ark. App. 134, 729 S.W.2d 422 (1987). Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties. *Morris v. Arkansas Dep't of Fin. & Admin.*, 82 Ark. App. 124, 112 S.W.3d 378 (2003). A party's subrogation rights arise when one not primarily bound to pay a debt, or remove an incumbrance, nevertheless does so; either from his legal obligation, as in the case of a surety, or to protect his own secondary right; or upon the request of the original debtor, and upon the faith that, as against the debtor, the person paying will have the same sureties for reimbursement as the creditor had for payment. *Welch Foods v. Chicago Title Ins. Co.*, 341 Ark. 515, 17 S.W.3d 467 (2000).

The trial court erred when it relied on *Hazel v. Sharum, supra*. The parties in *Sharum, supra*. were co-makers on the note at issue. Co-makers on a note are jointly and severally liable.

*See* 12 Am. Jur.2d *Bills and Notes* § 439 (1997). In the present case, if we treat the facts alleged in the complaint as true and view them in the light most favorable to appellant, then appellant was a guarantor. As guarantor, appellant was not jointly and severally liable for the payment of the appellees' note. When appellant paid the note, he assumed the position of the bank. *See Blackford v. Dickey*, 302 Ark. 261, 789 S.W.2d 445 (1990) (stating that the person paying will have the same sureties for reimbursement as the creditor had for payment). Therefore, the loan papers between appellees and the bank constituted evidence of the agreement between appellant and appellees. Thus, a written agreement existed between the parties. Arkansas Code Annotated section 16-56-111(a) (Supp. 2003) provides that actions to enforce a written obligation shall commence within five years after the cause of action shall accrue. The trial court erred when it found that appellant was seeking contribution and that the cause of action was barred by a three-year statute of limitations. Therefore, we reverse and remand the decision of the trial court.

Reversed and remanded.

HART, VAUGHT, BAKER and ROAF, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I agree that the trial court misinterpreted the *Hazel* case and that it erred in concluding that appellant was entitled to contribution on the promissory note. However, unlike the majority, I disagree that these errors require reversal. This case is before us after denial of a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6). Arkansas is a fact-pleading state. Ark. R. Civ. P. 8. As such, appellant was required to state sufficient facts to show entitlement to relief. We must decide whether the trial court erred in holding that appellant failed to state sufficient facts to entitle him to proceed with his claim. I would hold that the trial court properly dismissed appellant's claim because (a) appellant failed to attach a copy of the promissory note to his pleadings as expressly required by Arkansas's pleading requirements, and (b) he failed to state facts to support *any* legal theory entitling him to recovery.

Although not addressed by the majority, it is crucial at the outset to understand the effect of the nature of the appellant's pleading obligation. If appellant sufficiently pled that he satisfied

appellee's debt to the Union Bank pursuant to a written obligation, then the five-year statute of limitations under Arkansas Code Annotated § 16-56-111 (Supp. 2003) governs his action, and his complaint is not time-barred. If appellant's pleadings assert that he satisfied the debt pursuant to an implied (unwritten) agreement, then he might be entitled to recover, based on equitable subrogation. Consequently, his complaint would be governed by the three-year statute-of-limitations under Arkansas Code Annotated § 16-56-105(3)(1987), and therefore, his complaint would be time-barred.

Thus, in order to properly reverse and allow appellant to proceed with his claim in the face of the three-year statute-of-limitations, the majority *must* hold that appellant alleged in his pleadings that he either had an independent *written* agreement with appellees to act as guarantor or that he, by some *written* agreement, obligated himself to the Union Bank, allowing him to rise to the rights of the bank when appellees defaulted. Appellant plainly failed to attach the promissory note to his pleadings and he failed to state sufficient facts alleging that he entered into a written contract with the bank that obligated him to pay in the event of appellees' default on the promissory note. Further, appellant failed to allege that he had a written agreement with appellees that required them to repay him for any payment made to the bank if they defaulted. Accordingly, appellant's pleadings do not show that he was entitled to the five-year statute of limitations.

Although the majority fails to address appellee Randall Carpenter's argument in this regard, I agree that Arkansas Rule of Civil Procedure 10(d) requires a complainant to attach a copy of the written agreement upon which he bases his claim to his pleadings. *See Ray & Sons Masonry Constr., Inc. v. U.S. Fidelity & Guaranty*, 353 Ark. 201, 114 S.W.3d 189 (2003) (affirming the grant of JNOV, in part, where the claimant failed to attach to his pleadings the contract upon which he claimed a subcontractor was liable).[1] On its face, Rule 10(d) makes no exceptions to the requirement for Rule 12(b)(6) motions. The only exception to this

---

[1] Although *Ray and Sons, supra*, did not involve a 12(b)(6) motion, the case is still instructive, in that the Arkansas Supreme Court stated that the term "shall" in Rule 10(d) is mandatory, which means that the claim does not stand if the written agreement is not attached to the pleadings. In the instant case, appellant belatedly attached the illegible promissory note to his brief-in-response to appellee Randall Carpenter's motion to dismiss. However, a brief-in-support of a pleading is not a pleading. Arkansas Rule of Civil Procedure distin-

requirement under Rule 10(d) is that the party may demonstrate "good cause" for not attaching the agreement. Appellant did not even broach the issue of good cause in his pleadings or in the hearing below.

The majority, by a reasoning process I have yet to comprehend, characterizes appellant's legal theory as "subrogation as an accommodating party." The majority cites general law governing subrogation, guarantors, and sureties, asserts that equitable subrogation is an equitable theory of recovery, and maintains that appellant stepped into the shoes of Union Bank when he satisfied the promissory note.[2] Then, without explicitly declaring that appellant is entitled to recovery as an accommodation party or pursuant to equitable subrogation, the majority holds that the statute of limitations governing written agreements governs appellant's claim because the promissory note between appellees and Union Bank evinces an agreement between appellant and the bank.

By this process, the majority either ignores or fails to discern the patent flaws in appellant's pleadings. In short, appellant did not plead sufficient facts to entitle him to recover on the written note as an accommodation party or based upon an implied agreement pursuant to an equitable-subrogation theory. While the trial court is to accept as true appellant's allegation that he acted as guarantor, this begs the question as to whether appellant acted as guarantor pursuant to a *written* agreement or an *implied* agreement. It is not enough to assert that an agreement existed, where the very nature of the agreement determines whether appellant's claim is time-barred. In any event, the trial court's dismissal should be affirmed

---

guishes between "pleadings" and "motions." Rule 7(a) specifies which pleadings are allowed and Rule 7(b) governs the submission of motions and other papers. Rule 7(a) recognizes the following as pleadings: complaints, answers, counterclaims, replies to counterclaims, answers to cross-claims, third-party complaints and third-party answers. Rule 7(a) states specifically that "[n]o other pleadings shall be allowed." Thus, a brief-in-response to a motion to dismiss is not a pleading and appellant's attachment of the illegible promissory note to the same does not satisfy Rule 10(d).

[2] As we review this appeal following dismissal on the pleadings rather than after summary judgment or trial on the merits, I do not understand how my colleagues can conclude that appellant succeeded to the rights of Union Bank, particularly when none of us is able to read the promissory note from appellees to the Bank and absent any other written agreement in the record.

because no matter which legal theory applies, appellant has failed to sufficiently state a claim for Rule 12(b)(6) purposes.

First, although appellant cites law governing accommodation parties in his brief, he never alleged below that he signed the promissory note in any capacity, or was an accommodation party; nor does he develop this argument on appeal in any fashion. Instead, appellant merely cites Arkansas Code Annotated § 4-3-419(e)(Repl. 2001), part of the Arkansas Uniform Commercial Code (UCC), and then, without applying UCC law to any facts, he argues that he is entitled to recover based upon *equitable subrogation*. But equitable subrogation has nothing in common with being an accommodation party on a note. Appellant's argument is internally inconsistent. An accommodation party has rights arising from a written obligation, whereas equitable subrogation arises from an implied obligation. Instead of affirming the trial court's decision that appellant's claim must be dismissed for failure to state a claim, the majority reverses on the ground that appellant is entitled to proceed because he stepped into Union Bank's rights to recover on the promissory note that even the majority must concede appellant did not append to his pleadings. We do not allow litigants to develop arguments on appeal and we do not make their arguments for them. *Carter v. Four Seasons Funding Corp.*, 351 Ark. 637, 97 S.W.3d 387 (2003).

This is *not* a case involving recovery on a promissory note under the UCC. If it were, appellant's claim must fail because he neither produced the original note nor satisfied the UCC requirements for proving lost negotiable instruments. *McKay v. Capital Resources Co. Ltd.*, 327 Ark. 737, 940 S.W.2d 869 (1997); Ark. R. Civ. P. 10(d). The *only* way appellant's claim can survive a 12(b)(6) motion is if it states facts to support that appellant was entitled to recover based upon a *written* agreement because any claim based upon an implied agreement would clearly be barred by the three-year statute of limitations.

Unfortunately, appellant's complaint does not state, and cannot be fairly read to infer, that appellant signed the promissory note or signed any other written agreement between him and Union Bank that would entitle him to rise to the rights of the bank upon appellees' default of the note. How can appellant be entitled to recover on the promissory note when he did not allege in his complaint that he signed the promissory note? How can his pleadings be interpreted to support such a theory when he failed to attach the promissory note showing his signature? How can we

justly hold that appellant alleged the facts needed to recover as an accommodation party in the face of a record that shows he never produced any writing in his pleadings that would entitle him to relief on that theory? The majority ducks these legitimate concerns with resounding silence.

Further, nothing in the complaint states whether appellant's agreement with appellees was written or implied. Thus, despite the majority's bald assertion that "the loan papers between appellees and the bank constituted evidence of the agreement between appellant and appellees," nothing in the complaint alleges or even allows an inference that appellant entered into a written agreement with appellees. Rather, the complaint merely asserts that *appellees* were obligated to pay *Union Bank* pursuant to a promissory note and that appellant agreed to act as *guarantor* on appellees' obligation under the note. However, the note was not attached to the complaint.

The upshot of the majority opinion is that our pleading rules are satisfied by merely inserting the word "guarantor" in a complaint, without also asserting whether the complaining party acted based on a written or an implied obligation and without attaching any written agreement to the complaint. Such a pleading does not provide a trial court with sufficient facts regarding the basis upon which a complainant seeks to recover. It is axiomatic that if a trial court cannot determine a complainant's basis for recovery, then the complainant has not stated an adequate claim under Rule 12(b)(6) and therefore, should not be allowed to proceed with his or her claim. Accordingly, appellant is not entitled to proceed on the promissory-note theory.

Second, appellant's pleadings do not establish his entitlement to proceed based upon an equitable-subrogation theory. Subrogation allows recovery when a person pays the debt of another but was not legally obligated to do so. The elements of subrogation are as follows: 1) a party pays in full a debt or an obligation of another or removes an encumbrance of another 2) for which the other is primarily liable, 3) *although the party is not primarily or technically bound to do so*, 4) in order to protect his own secondary rights, to fulfill a contractual obligation, or to comply with the request of the original debtor, 5) without acting as a volunteer or an intermeddler. *St. Paul Fire & Marine Ins. Co. v. Murray Guard, Inc.*, 343 Ark. 351, 356, 37 S.W.3d 180, 183 (emphasis added).

Equitable subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which that other party should have paid. *Id*. Equitable subrogation requires no writing or agreement in most instances. *Id*. Conventional subrogation, by contrast, is founded on an understanding or agreement. *Id*.

Here, appellant does not plead facts to entitle him to recover on an equitable subrogation theory. According to his own allegations, he merely paid a debt that he was already obligated to pay. Moreover, even if appellant had sufficiently pled a cause of action for recovery under equitable subrogation, his claim would be time barred by the three-year statute of limitations.

This is not a case in which a party may recover under alternative legal theories. The fatal problem with appellant's pleadings is that the only legal theory that he pled, equitable subrogation, is inconsistent with his assertion that the statute of limitations governing written agreements *also* applies to his claim. Thus, in reversing the dismissal of appellant's claim, the majority is allowing appellant to obtain the benefit of a statute-of-limitations governing a written agreement, by which he would be legally obligated to pay, when the sole theory he advances is an equitable theory of recovery based on an implied agreement when there is *no* legal obligation to pay. Appellant cannot have it both ways: either he was legally required to pay the debt pursuant to a written contract (for which the five-year statute-of-limitations would apply), or he paid a debt that he was not required to pay pursuant to an implied agreement (under which his claim is barred by the three-year statute-of-limitations.)

Finally, as a practical matter, I do not see how the trial court is to proceed on remand. A defendant should not be required to defend, and a trial judge should not be compelled to entertain, a lawsuit where it is apparent from the pleadings that the complainant does not state facts to establish his legal claim. The precise purpose of Rule 12(b)(6) is to nip in the bud those claims, like appellant's, that do not properly assert a basis for relief. Given the decision reached today, I do not envy the trial judge who, on remand, must somehow retain jurisdiction over a matter that is clearly not what appellant alleges it to be, but which the majority has yet to classify within any other legal theory upon which appellant might avoid being barred by limitations.

I respectfully dissent.