

# ARKANSAS COURT OF APPEALS

DIVISIONS II AND III
**No.** CV-13-1057

|  |  |
|---|---|
| | **Opinion Delivered** October 8, 2014 |
| UNITED SYSTEMS OF ARKANSAS, INC.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION |
| V. | [NO. CV-2013-689] |
| | HONORABLE COLLINS KILGORE, JUDGE |
| BEASON & NALLEY, INC., CHAD BRALEY, AND DAVID MILLER<br>APPELLEES | REVERSED AND REMANDED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from a judgment of dismissal with prejudice on the pleadings of appellant United Systems' lawsuit against appellees Beason & Nalley, Inc.; its former director and owner, Chad Braley; and its former consultant, David Miller (collectively referred to hereafter as Beason & Nalley). Appellant argues that the trial court erred in finding that grounds for dismissal existed. We agree, and we reverse and remand.

United Systems hired Beason & Nalley in 2008 to prepare Incurred Cost Submission (ICS) reports that United Systems was required to submit in connection with a subcontract that United Systems had on a federal government project. United Systems chose Beason & Nalley for this work because Beason & Nalley held itself out as an expert in U.S. government contracts and the preparation of reports and documents required in connection with such contracts. Beason & Nalley prepared the ICS reports, but these reports erroneously deducted

SLIP OPINION

certain costs that were not deductible pursuant to applicable regulations. United Systems hired a different firm to correct the errors so that it could submit compliant ICS reports and sued Beason & Nalley for breach of contract and negligence. Beason & Nalley moved to dismiss on the pleadings for failure to state a claim, and the motion was granted. Because the case had previously been dismissed, the second dismissal was with prejudice. *See* Ark. R. Civ. P. 41(b).

In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Hendrickson v. Carpenter*, 88 Ark. App. 369, 199 S.W.3d 100 (2004). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id*. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id*. We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id*.

Beason & Nalley moved for dismissal on three grounds: first, that United Systems' claim for contract damages must fail because the damages sought were consequential, and the contract demonstrated that there was no tacit agreement by Beason & Nalley to be liable for consequential damages; second, that the indemnity clause of the contract barred United Systems from bringing any claim against Beason & Nalley with respect to their contract or its performance; and third, that no action against Beason & Nalley would lie because United



Systems had admitted that the actions of Keith Reed, United Systems' chief financial officer, were the proximate cause for the submission of improper expenses on the ICS reports prepared by Beason & Nalley. The trial court's order did not specify the ground or grounds on which the court based its order of dismissal, but the court nevertheless erred because none of these arguments provide grounds for dismissal.

*Direct or Consequential Damages*

The distinction between direct and consequential damages was recently discussed in *Hobson v. Entergy Arkansas, Inc.*, 2014 Ark. App. 101, at 12–13:

> The purpose of damages in a contract action is to place the injured party in the same position he would have been in had the contract been performed. Howard W. Brill, *Law of Damages* § 17:1 (5th ed. 2004); *Acker Constr., LLC v. Tran*, 2012 Ark. App. 214, 396 S.W.3d 279. The law makes a distinction between the general damages suffered in a breach-of-contract case and consequential damages. General damages are those that necessarily flow from the breach. Brill, *supra* § 4:2. Consequential damages refer to damages that are only indirectly caused by the breach—instead of flowing directly from the breach, they result from some of the consequences of the breach. *Id.*; *Acker, supra.*

Here, United Systems sought damages of $29,976.11 against Beason & Nalley, that being the amount that United Systems paid another firm to correct the errors in the ICS reports prepared by Beason & Nalley. There is no more natural and direct result of the failure to perform under a contract than the reasonable cost of obtaining substituted performance. Damages that seek to compensate a plaintiff for the value of the performance promised are direct rather than consequential. 24 Richard A. Lord, *Williston on Contracts* § 64:12 (4th ed. 2002) (citing *Schonfeld v. Hilliard*, 218 F.3d 164 (2d Cir. 2000)). Beason &

SLIP OPINION

Nalley's claim that the damages sought were other than direct is unsupported by either logic or authority.

*Indemnity Clause*

It is possible to contract to indemnify an indemnitee for the indemnitee's own negligence, but a high standard is generally required before a contract will be so interpreted. *Restatement (Third) of Torts: Apportionment of Liability* § 22 (2000).

> [However,] agreements tending to erode common-law liability or relieving the contracting parties from penalties imposed for their improper conduct are not favored. The law expresses this disfavor either by indulging in a presumption against the parties' intention to contract for immunity against the consequences of their own negligence, or by requiring that such a provision for immunity in a contract must be expressed in clear and unequivocal language to be valid and effective.

8 Richard A. Lord, *Williston on Contracts* § 19:19 (4th ed. 1998). In Arkansas, a party's intent to contractually obligate itself to indemnify another party for that second party's own negligence must be expressed in clear and unequivocal terms and to the extent that no other meaning can be ascribed. *Arkansas Kraft Corp. v. Boyed Sanders Construction Co.*, 298 Ark. 36, 764 S.W.2d 452 (1989).

> The contract at issue contains the following indemnification clause:
>
> United Systems of Arkansas, Inc. shall indemnify and hold harmless Beason & Nalley, Inc., and its personnel from and against any claims, liabilities, costs and expenses (including, without limitation, attorney's fees and the time of Beason & Nalley, Inc.'s personnel involved) brought against, paid or incurred by Beason & Nalley, Inc. at any time and in any way arising out of or relating to Beason & Nalley, Inc.'s services under this proposal, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of Beason & Nalley, Inc. personnel.

The language employed in this clause is broad. However, in jurisdictions adhering to the Arkansas rule, it has frequently been held that mere general, broad, and seemingly

 

all–inclusive language is not sufficient to impose liability for the indemnitee's own negligence. *See, e.g.*, *Kansas City Power & Light Co. v. Federal Construction Corp.*, 351 S.W.2d 741 (Mo. 1961) (citing numerous cases to that effect). Given the requirement of unmistakable terms, and the absence of any language in the present contract specifically focusing attention on the indemnitor's assumption of liability for the indemnitee's own negligence, we hold that this clause does not provide in the requisite "unmistakable terms" that United Systems agreed to indemnify Beason & Nalley for Beason & Nalley's own negligence.

*Actions of Keith Reed as an Intervening Cause*

Beason & Nalley argued below that United Systems had admitted in its pleadings that the actions of United Systems officer Keith Reed, an in-house accountant for United Systems, were the sole proximate cause for Beason & Nalley's errors. However, a fair reading of the assertions made by United Systems in the pleadings reveals no admission that Reed's actions were the sole proximate cause of the errors. At most, it could be argued that allegations in a separate lawsuit raised the possibility that the actions of Keith Reed contributed to Beason & Nalley's errors. However, under Arkansas law, the questions of causation and whether an action constituted an intervening cause are questions of fact, *Pollard v. Union Pacific Railroad Co.*, 75 Ark. App. 75, 54 S.W.3d 559 (2001), and it is improper to decide factual questions on a motion to dismiss. *Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 255 S.W.3d 424 (2007).

Reversed and remanded.

WALMSLEY, GLOVER, and VAUGHT, JJ., agree.

GLADWIN, C.J., and WHITEAKER, J., dissent.

**PHILLIP T. WHITEAKER, Judge, dissenting.** The trial court granted the motion to dismiss in this case under Rule 12(b)(1) and 12 (b)(6).[1]   Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted."  Thus, under our rules, the complaint must sufficiently allege (1) facts as opposed to mere conclusions, and (2) that relief can be granted upon those facts. Because I disagree with the majority's determination that United Systems pled facts upon which relief may be granted, I must respectfully dissent.

In determining whether the circuit court abused its discretion in dismissing United Systems's complaint pursuant to Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.  *J.B. Hunt, LLC v. Thornton*, 2014 Ark. 62, 432 S.W.3d 8.   Under this analysis, the facts as pled in the United Systems complaint are as follows.

In January 2008, United Systems discovered that it was required to submit reports on its subcontract with the U.S. Government for the fiscal years 2000 to 2007.  United Systems contracted with Beason & Nalley ("B & N") to prepare its reports based on B & N's alleged

---

[1]Because I believe the trial court was correct in dismissing the complaint pursuant to 12(b)(6), I would affirm on that basis.  I do not express any opinion as to the correctness of the trial court's dismissal pursuant to 12(b)(1).

expertise in preparing reports. United Systems paid them approximately $80,000 to complete the reports. United Systems submitted the reports as prepared by B & N to the government. After the reports were filed, United Systems discovered that the reports contained serious errors. The failure to prepare accurate reports was a breach of the contract between United Systems and B & N, and exposed United Systems to penalties. In addition, United Systems hired an outside consulting firm to correct the reports. Based upon these stated facts, United Systems sought to recover the moneys paid to the outside consulting firm as "direct damages" from the breach.

The majority concludes that the money paid to the outside accounting firm was a direct damage; I disagree. Under the circumstances as pled by United Systems, I believe these damages to be consequential in nature.

The law makes a distinction between the general damages suffered in a breach-of-contract case and consequential damages. General damages are those that necessarily flow from the breach. Howard W. Brill, *Law of Damages* § 4:2 (5th ed. 2004). Consequential damages refer to damages that are only indirectly caused by the breach—instead of flowing directly from the breach, they result from some of the consequences of the breach. *Id.*; *Acker Constr., LLC v. Tran*, 2012 Ark. App. 214, 396 S.W.3d 279. The distinction between direct (or general) and consequential (or special) damages under the common law is not absolute. 22 Am. Jur. 2d *Damages* § 44. Damages that might be considered consequential (or special) in one contract may be direct (or general) damages in another. *Id.*

7

This distinction is vital in this case because of the facts pled and the law in Arkansas concerning consequential damages. With regard to consequential damages, Arkansas follows the "tacit agreement" rule, which provides that, in order to recover consequential damages, the plaintiff must prove more than the defendant's mere knowledge that a breach of the contract will entail special damages to the plaintiff; it must also appear that the defendant at least tacitly agreed to assume responsibility for such damages. *See Deck House, Inc. v. Link*, 98 Ark. App. 17, 249 S.W.3d 817 (2007). United Systems did not plead a tacit agreement, and the contract between United Systems and B & N expressly disavows such an agreement. Thus, the survival of United Systems's complaint on its breach of contract claim rises or falls on whether these damages are deemed direct or consequential.

I believe that United Systems failed to plead facts of direct damages, and failed to plead facts of a tacit agreement. As a result, it failed to plead facts upon which relief could be granted. United Systems pled only that B & N breached their contract and *exposed* it to liability. It did not allege that it had been required by the government to file amended reports or that it had been informed by the government that penalties had, in fact, been assessed. In the latter circumstances, the damages sought by United Systems might constitute direct damages; but that is not the situation before us. The complaint before us alleges only that United Systems is entitled to damages for hiring an outside consulting firm to prepare and file amended returns because it *feared* that it could *potentially* incur penalties and damages. Under those facts, I simply cannot find that the damages pled are direct damages and that United Systems sufficiently pled its cause of action.


For these reasons, I respectfully dissent.

GLADWIN, C.J., joins in this dissent.

*Newland & Associates, PLLC*, by: *Joel F. Hoover* and *Ashley D. Peeples*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller, Anton L. Janik, Jr.*, and *Brian A. Pipkin*, for appellees.