

Cite as 2014 Ark. App. 650

# ARKANSAS COURT OF APPEALS

DIVISIONS II AND III
No. CV-13-1057

|  |  |
|---|---|
| UNITED SYSTEMS OF ARKANSAS, INC.<br><br>APPELLANT<br><br><br>V.<br><br><br><br>BEASON & NALLEY, INC., CHAD BRALEY, AND DAVID MILLER<br>APPELLEES | Opinion Delivered  November 12, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION<br>[NO. CV-2013-689]<br><br>HONORABLE COLLINS KILGORE, JUDGE<br><br>SUBSTITUTED OPINION ON DENIAL OF PETITION FOR REHEARING<br><br>REVERSED AND REMANDED |

**JOHN MAUZY PITTMAN, Judge**

This is an appeal from a judgment of dismissal with prejudice on the pleadings of appellant United Systems' lawsuit against appellees Beason & Nalley, Inc.; its former director and owner, Chad Braley; and its former consultant, David Miller (collectively referred to hereafter as Beason & Nalley). Appellant argues that the trial court erred in finding that grounds for dismissal existed. We agree, and we reverse and remand.

United Systems hired Beason & Nalley in 2008 to prepare Incurred Cost Submission (ICS) reports that United Systems was required to submit in connection with a subcontract that United Systems had on a federal government project. United Systems chose Beason & Nalley for this work because Beason & Nalley held itself out as an expert in U.S. government

SLIP OPINION

contracts and the preparation of reports and documents required in connection with such contracts. Beason & Nalley prepared the ICS reports, but these reports erroneously deducted certain costs that were not deductible pursuant to applicable regulations. United Systems hired a different firm to correct the errors so that it could submit compliant ICS reports and sued Beason & Nalley for breach of contract and negligence. Beason & Nalley moved to dismiss on the pleadings for failure to state a claim, and the motion was granted. Because the case had previously been dismissed, the second dismissal was with prejudice. *See* Ark. R. Civ. P. 41(b).

In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Hendrickson v. Carpenter*, 88 Ark. App. 369, 199 S.W.3d 100 (2004). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id*. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id*. We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id*.

Beason & Nalley moved for dismissal on three grounds: first, that United Systems' claim for contract damages must fail because the damages sought were consequential, and the contract demonstrated that there was no tacit agreement by Beason & Nalley to be liable for consequential damages; second, that the indemnity clause of the contract barred United

SLIP OPINION

Systems from bringing any claim against Beason & Nalley with respect to their contract or its performance; and third, that no action against Beason & Nalley would lie because United Systems had admitted that the actions of Keith Reed, United Systems' chief financial officer, were the proximate cause for the submission of improper expenses on the ICS reports prepared by Beason & Nalley. The trial court's order did not specify the ground or grounds on which the court based its order of dismissal, but the court nevertheless erred because none of these arguments provide grounds for dismissal.

*Direct or Consequential Damages*

The distinction between direct and consequential damages was recently discussed in *Hobson v. Entergy Arkansas, Inc.*, 2014 Ark. App. 101, at 12–13:

> The purpose of damages in a contract action is to place the injured party in the same position he would have been in had the contract been performed. Howard W. Brill, *Law of Damages* § 17:1 (5th ed. 2004); *Acker Constr., LLC v. Tran*, 2012 Ark. App. 214, 396 S.W.3d 279. The law makes a distinction between the general damages suffered in a breach-of-contract case and consequential damages. General damages are those that necessarily flow from the breach. Brill, *supra* § 4:2. Consequential damages refer to damages that are only indirectly caused by the breach—instead of flowing directly from the breach, they result from some of the consequences of the breach. *Id.*; *Acker, supra*.

Here, United Systems sought damages of $29,976.11 against Beason & Nalley, that being the amount that United Systems paid another firm to correct the errors in the ICS reports prepared by Beason & Nalley. There is no more natural and direct result of the failure to perform under a contract than the reasonable cost of obtaining substituted performance. Damages that seek to compensate a plaintiff for the value of the performance promised are direct rather than consequential. 24 Richard A. Lord, *Williston on Contracts* §

SLIP OPINION

64:12 (4th ed. 2002) (citing *Schonfeld v. Hilliard*, 218 F.3d 164 (2d Cir. 2000)). Beason & Nalley's claim that the damages sought were other than direct is unsupported by either logic or authority.

*Indemnity Clause*

It is possible to contract to indemnify an indemnitee for the indemnitee's own negligence, but a high standard is generally required before a contract will be so interpreted. *Restatement (Third) of Torts: Apportionment of Liability* § 22 (2000).

> [However,] agreements tending to erode common-law liability or relieving the contracting parties from penalties imposed for their improper conduct are not favored. The law expresses this disfavor either by indulging in a presumption against the parties' intention to contract for immunity against the consequences of their own negligence, or by requiring that such a provision for immunity in a contract must be expressed in clear and unequivocal language to be valid and effective.

8 Richard A. Lord, *Williston on Contracts* § 19:19 (4th ed. 1998). In Arkansas, a party's intent to contractually obligate itself to indemnify another party for that second party's own negligence must be expressed in clear and unequivocal terms and to the extent that no other meaning can be ascribed. *Arkansas Kraft Corp. v. Boyed Sanders Construction Co.*, 298 Ark. 36, 764 S.W.2d 452 (1989).

> The contract at issue contains the following indemnification clause:

> United Systems of Arkansas, Inc. shall indemnify and hold harmless Beason & Nalley, Inc., and its personnel from and against any claims, liabilities, costs and expenses (including, without limitation, attorney's fees and the time of Beason & Nalley, Inc.'s personnel involved) brought against, paid or incurred by Beason & Nalley, Inc. at any time and in any way arising out of or relating to Beason & Nalley, Inc.'s services under this proposal, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of Beason & Nalley, Inc. personnel.

SLIP OPINION

The language employed in this clause is broad. However, in jurisdictions adhering to the Arkansas rule, it has frequently been held that mere general, broad, and seemingly all–inclusive language is not sufficient to impose liability for the indemnitee's own negligence. *See, e.g.*, *Kansas City Power & Light Co. v. Federal Construction Corp.*, 351 S.W.2d 741 (Mo. 1961) (citing numerous cases to that effect). Given the requirement of unmistakable terms, and the absence of any language in the present contract specifically focusing attention on the indemnitor's assumption of liability for the indemnitee's own negligence, we hold that this clause does not provide in the requisite "unmistakable terms" that United Systems agreed to indemnify Beason & Nalley for Beason & Nalley's own negligence. For much the same reason, we hold that this clause cannot reasonably be construed as a bar to an action brought by either party for breach of the contract itself.

*Actions of Keith Reed as an Intervening Cause*

Beason & Nalley argued below that United Systems had admitted in its pleadings that the actions of United Systems officer Keith Reed, an in–house accountant for United Systems, were the sole proximate cause for Beason & Nalley's errors. However, a fair reading of the assertions made by United Systems in the pleadings reveals no admission that Reed's actions were the sole proximate cause of the errors. At most, it could be argued that allegations in a separate lawsuit raised the possibility that the actions of Keith Reed contributed to Beason & Nalley's errors. However, under Arkansas law, the questions of causation and whether an action constituted an intervening cause are questions of fact, *Pollard v. Union Pacific Railroad Co.*, 75 Ark. App. 75, 54 S.W.3d 559 (2001), and it is improper to

decide factual questions on a motion to dismiss.  *Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 255 S.W.3d 424 (2007).

Reversed and remanded.

WALMSLEY, GLOVER, and VAUGHT, JJ., agree.

GLADWIN, C.J., and WHITEAKER, J., dissent.

*Newland & Associates, PLLC*, by: *Joel H. Hoover* and *Ashley D. Peoples*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller, Anton L. Janik, Jr.*, and *Brian A. Pipkin*, for appellees.