SLIP OPINION

Cite as 2015 Ark. App. 303

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1094

| | | |
|---|---|---|
| | | **Opinion Delivered** May 6, 2015 |
| SCOTT MEREDITH | APPELLANT | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [No. DR-2012-365] |
| V. | | |
| | | HONORABLE BARBARA HALSEY, JUDGE |
| ANGELA MEREDITH | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

In this divorce action, appellant Scott Meredith appeals the October 7, 2014 judgment entered by the Greene County Circuit Court awarding appellee Angela Meredith $16,875.84, which it found represented the debt owed by Scott on Angela's 2009 Chevrolet Suburban. We affirm.

The Merediths' divorce decree, entered January 8, 2013, granted Angela a divorce; awarded custody of the parties' three minor children to Angela, with visitation to Scott; set Scott's child-support obligation; and distributed several items of personal property and debt. On May 28, 2013, Angela and Scott entered into an agreed order for the distribution of all remaining items of marital property, debt, interests, and other obligations. Relevant to this appeal, the agreed order provided:

SLIP OPINION

2.       Angela will receive the 2009 Chevrolet Suburban and Scott will transfer any and all interest he may have in said vehicle to wife upon request by her. Husband will pay any and all indebtedness associated with said vehicle when due and he will hold Wife harmless for any and all liability associated with said indebtedness.

. . . .

7.       Scott will pay the automobile insurance for the 2009 Chevrolet Suburban being awarded to Angela herein until Angela is no longer obligated on any farm debts associated with Scott's farming operation.

On July 3, 2014, Angela filed a verified petition for contempt, and on August 21, 2014, filed an amended petition, alleging that Scott failed to pay the indebtedness on the Suburban.[1] At the hearing on Angela's petition, she testified that in October 2013, she wrecked and totaled the Suburban, which had approximately $16,000 in debt remaining on it. Angela confirmed that after the loss the insurance company paid $16,875.84 to the holder of the Suburban note and paid her $6,863.41. She contended that because the agreed order awarded possession of the Suburban to her and ordered Scott to pay all of the debt on the vehicle, she was entitled to receive $16,875.84 from Scott—the amount of the debt on the vehicle that he did not have to pay. Scott disagreed, testifying that he complied with the agreed order because the vehicle and the insurance payments were current at the time of Angela's accident.

The trial court ruled from the bench in favor of Angela, awarding her judgment in the amount of $16,875.84, stating that it was the amount of debt Scott did not have to pay despite his obligation to do so as per the agreed order. The trial court later entered its judgment in favor of Angela, and this appeal followed.

---

[1]Angela's original and amended petitions included several other allegations of contempt against Scott; however, because they are not pertinent to this appeal, we do not address them here.

SLIP OPINION

Divorce cases are reviewed de novo. *Farrell v. Farrell*, 365 Ark. 465, 469, 231 S.W.3d 619, 622 (2006). With respect to the division of property, we review the trial court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence; the division of property itself is also reviewed and the same standard applies. *Id.*, 231 S.W.3d at 622. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*, 231 S.W.3d at 622.

On appeal, Scott challenges the trial court's interpretation of the parties' agreed order. Our supreme court has set forth the applicable standard of review for issues of contract interpretation.

> The first rule of interpretation of a contract is to give to the language employed the meaning that the parties intended. In construing any contract, we must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. The best construction is that which is made by viewing the subject of the contract, as the mass of mankind would view it, as it may be safely assumed that such was the aspect in which the parties themselves viewed it. It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement.

*Singletary v. Singletary*, 2013 Ark. 506, at 10, 431 S.W.3d 234, 240 (citations omitted).

Scott argues that the trial court's finding is clearly erroneous because the facts are undisputed that he complied with the plain and ordinary meaning of the provisions in the agreed order by being current on the note secured by the Suburban and by satisfying his obligation to pay insurance for the vehicle. We disagree.

Under the plain and ordinary language of the agreed order, Scott's obligations are not limited to making timely payments on the Suburban and insuring it. Regardless of what

SLIP OPINION

happened to the vehicle, the agreed order provided that "[*h*]*usband* will pay any and all indebtedness associated with [the Suburban] *when due*." (Emphasis added.) The facts are undisputed that the debt on the Suburban became due when it was totaled and that Scott did not pay the indebtedness. Further, the language of the agreed order does not limit Scott's payment of the indebtedness on the Suburban to the holder of the note. Therefore, we hold that the trial court's findings that "[Scott] did not *himself* pay $16,875.84 of the *debt owed* on the 2009 Chevrolet Suburban, pursuant to the Agreed Order" (emphasis added), and that Scott owed that amount to Angela are not clearly erroneous.

The trial court's interpretation of the agreed order is further supported by the purpose of damages in a contract action, which is to place the injured party in the same position she would have been in had the contract been performed. *United Sys. of Ark., Inc. v. Beason & Nalley, Inc.*, 2014 Ark. App. 650, at 3, 448 S.W.3d 731, 733 (citing Howard W. Brill, *Law of Damages* § 17:1 (5th ed. 2004); *Acker Constr., LLC v. Tran*, 2012 Ark. App. 214, 396 S.W.3d 279). In the instant case, had the agreed order been performed—meaning Scott had paid the debt in full before Angela totaled the vehicle—she would have received all of the insurance proceeds totaling $23,739.25.

Scott's theory fails to place Angela in the same position she would have been in had the contract been performed. Under Scott's theory, Angela would have ultimately possessed only $6,863.41, and Scott's liability would have been reduced by $16,875.84. To the contrary, the trial court's judgment, ordering Scott to pay Angela $16,875.84, placed both parties in the same position they would have been in had the agreed order been performed.

4

For these reasons, we hold that the trial court's judgment, ordering Scott to pay Angela $16,875.84, was not clearly erroneous.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Scott Emerson, P.A.*, by: *Scott Emerson*, for appellant.

*Tiner, Cobb & Byars*, by: *Kara L. Byars*, for appellee.